Asa Van Kleeck and Patrick J. Hammell, Admin- istrators of the Estate of John Weimeister, Deceased, v. John McCabe.

[See *ante*, 594.]

*Partnership—Assignment for benefit of creditors—Death of party —Revival of suit—Res judicata—Evidence— Attachment.*

1. An assignment by one partner of *his* property for the benefit of his creditors, which does not purport to convey the partnership property, gives the assignee no title to said property or right to its possession.

2. Where, in a suit involving the question of the existence of a

partnership between the defendants, one dies, and the suit is revived and prosecuted against the surviving defendant alone, a judgment establishing the existence of the partnership is not binding upon the administrators of the deceased defendant.

3. Third persons who deal with parties who represent themselves as partners in a business are entitled to have the property used in that business applied to the payment of their debts in preference to the individual debts of such parties.

4. One partner cannot avoid liability for the firm debts by proof that he was induced to enter into the partnership relation by the false statements of his copartner as to the value of the firm property.

5. One partner cannot avoid liability in a suit brought against the firm, which he defends as survivor, by showing that he disclaimed all interest in the property, and assented to its assignment by his copartner as his individual property for the benefit of *his* creditors; and the same rule obtains where such partnership exists as to third persons, although not *in fact* as between the parties themselves.

6. Where, after the commencement of a suit against two partners, one of them dies, the suit is properly revived and prosecuted to judgment against the surviving defendant, the administrator of the deceased defendant not being a necessary party. How. Stat. § 7401.

7. The presentation of a claim against a partnership for allowance against the estate of one of the partners, who has died since the commencement of a suit against the firm for its collection, will not operate as an abandonment of the suit. *Manning v. Williams*, 2 Mich. 105.

8. A diligent creditor, who has secured a lien by instituting proper legal proceedings, is not deprived of it by the death of one of his debtors, if the suit is revived and prosecuted to judgment in the manner provided by law.

9. All of the acts of a surviving partner, and the result of suits brought by or against him as a survivor, are binding upon the representatives of the deceased partner, so long as they are conducted in good faith.

Error to Livingston. . (Newton, J.)   Argued June 10, 1891.   Decided October 9, 1891.

Trover.   Defendant brings error.   Reversed.   The facts are stated in the opinion.

*L. S. Montague* (*W. W. Mitchel*, of counsel), for appellant.

*D. Shields*, for plaintiffs, contended:

1. Where it is sought to charge several defendants as partners, an admission of the *fact* of partnership by one is not receivable in evidence against the others to prove the partnership; citing 1 Greenl. Ev. § 177; Colly. Part. § 773; and the partnership must first be proved before the declaration of one partner can affect the others; citing *Allcott v. Strong*, 9 Cush. 328; *Dutton v. Woodman*, Id. 255; *Tuttle v. Cooper*, 5 Pick. 414; *Robbins v. Willard*, 6 Id. 464; *Sager v. Tupper*, 38 Mich. 265; *Parshall v. Fisher*, 43 Id. 532; and a partnership cannot be proved by general reputation; citing *Gay v. Fretwell*, 9 Wis. 186; *Sager v. Tupper*, 38 Mich. 261, 262; and admissions of partnership may be contradicted or explained; citing 1 Lind. Part. 87, 88.

2. The administrators of John Weimeister's estate were made parties to the attachment suit, and then dropped out on motion of the plaintiffs, and the case proceeded to judgment against the surviving defendant alone, which made it an individual judgment, to satisfy which only his sole property could be seized; citing Herm. Ex. § 213; *Hardin v. McCanse*, 53 Mo. 255; *Bowdoin v. Jordan*, 9 Mass. 160; *Johnston v. Lynch*, 3 Bibb, 334; *Shelton v. Hamilton*, 23 Miss. 496; *Hodge v. Mitchell*, 27 Id. 560; *Wdde v. Watt*, 41 Id. 248; *Coleman v. McAnulty*, 16 Mo. 173; *Warder v. Tainter*, 4 Watts, 278; *Day v. Sharp*, 4 Whart. 339; *Douglass v. Massie*, 16 Ohio, 271; and recourse cannot be had to the estate until the plaintiffs have exhausted their remedy against their own chosen defendant, and then only in equity, or possibly before commissioners on claims against the estate; citing 1 Lind. Part. 195, 250; 2 Id. 593, 603; *Lewis v. Conrad*, 11 Iowa, 153; *Weyer v. Thornburgh*, 15 Ind. 124; *Slatter v. Carroll*, 2 Sandf. Ch. 573; *Lawrence v. Trustees*, 2 Denio, 577; *Vorhis v. Child*, 17 N. Y. 354; *Copcutt v. Merchant*, 4 Bradf. 18; *Vance v. Cowing*, 13 Ind. 460; *Storer v. Hinkley*, Kirby, 147; *Horsey v. Heath*, 5 Ohio, 353; *Jackson v. King*, 8 Leigh, 689; and the judgment against Albert is not evidence of the indebtedness as against the estate; citing *Trustees v. Lawrence*, 11 Paige, 80.

GRANT, J. Plaintiffs sued the defendant, who is sheriff of the county of Livingston, in trover, for the conversion of the goods seized by him under a writ of attachment

issued in the suit of *Henry Wright and Orry Waterbury v. John Weimeister and Albert Weimeister,* in which the judgment rendered in favor of the plaintiffs has been affirmed by this Court.    87 Mich. 594.

John Weimeister made a general assignment for the benefit of his creditors on September 25, 1889, to the plaintiffs, now his administrators. The assignees took no possession of the property, filed no bond, and made. no inventory, for the reason, as they testified, that John Weimeister died before these were completed, and before the time had expired within which they should have completed and filed them. It is unnecessary to consider the effect of this assignment, for it did not purport to convey the partnership property of John Weimeister & Co., if such a partnership existed. The assignees, therefore, would take no title to, and have no right to the possession of, the partnership property. If, therefore, the partnership actually existed between John and Albert, the title to the property belonging to it still remained in the firm, and upon the death of John the title thereto became vested in Albert as the surviving partner. In all matters connected with the partnership he was the proper party to sue and to be sued. If a partner, it became his duty to close up the partnership matters, collect the assets, pay the debts, and then distribute the fund. Until the partnership fund is ready for distribution, the representatives of the deceased partner have no right to interfere, so long as the surviving partner is proceeding, in good faith, to wind up its affairs. *Barry v. Briggs,* 22 Mich. 201; *Pfeffer v. Steiner,* 27 Id. 537; *Merritt v. Dickey,* 38 Id. 41; *Bassett v. Miller,* 39 Id. 133.

On all other material questions, except the assignment, the evidence is the same in the present case as in that of *Wright v. Weimeister, ante,* 594, and it is unnecessary to repeat it here. Mr. Hammell was a witness in this

case, but not in the other, and does not deny the statements, made by Wright and others, that he informed them that the firm of John Weimeister & Co. was composed of John and Albert.

It is insisted by the defendant that the former suit involved the same issues as this, and that it therefore concludes the rights of the parties. If John Weimeister had lived till the suit was tried and judgment rendered, the question would have been *res judicata*, both as to him and Albert. It is undoubtedly true that all the acts of a surviving partner, and the result of suits brought by and against him as survivor, are binding· upon the representatives of the deceased partner, so long as they are conducted in good faith. But in the present case the existence of the partnership is disputed, and is the real question at issue. This being settled, there can be but little doubt as to the rights of the parties. Upon this question John Weimeister, in his life-time, did not have his day in court, nor have his representatives since his death. The judgment in that suit is therefore not binding upon them.

The rights of the parties to this suit depend upon two questions of fact:

1. If John and Albert Weimeister were copartners in fact, then verdict and judgment should be rendered for the defendant.

2. If they were not in fact copartners, but had held themselves out as such, and the plaintiffs in the attachment suit had dealt with them upon the faith of such representations, and in the honest belief that they were copartners, and the property levied upon belonged to the business in which they represented themselves as copartners, then verdict and judgment should be for the defendant.

Persons who deal with parties representing themselves as partners in a business are entitled to have the property

used in that business applied to the payment of their debts in preference to the individual debts of those representing themselves as partners. This rule may operate severely upon the individual creditors, but a contrary rule would operate just as severely upon the partnership creditors.

The testimony of Albert Weimeister that he was misled by the statements of John as to the value of his property was incompetent. Whether John intentionally or unintentionally made false statements to Albert, and thus induced him to enter into the partnership, could not affect his liability to those who had meanwhile trusted them. Albert was in a better position than were their creditors to ascertain the assets of John, and their value. He cannot avoid liability by saying John defrauded him.

Plaintiffs introduced evidence tending to show that Albert was present when John executed the assignment, and was then asked by the attorney for John if he should also execute the assignment, and then he disclaimed having any interest in the property. This might be competent evidence in a controversy between John and Albert, and the fact might estop Albert from laying any claim to the property as against John or his assignees; but this doctrine cannot be invoked by the representatives of John in an adverse proceeding brought by creditors against them both. If they were partners, it was the duty of Albert, as well as of John, to protect the partnership creditors. If they had held themselves out as partners, while not so in fact, the same duty rested upon them both. Albert could not, in either event, avoid this liability by consenting that the property might be assigned as the individual property of John. The same rule also applies to statements made by John at the same time. This testimony should have been excluded.

The circuit judge was in error in instructing the jury

that the prosecution of the suit against Albert as survivor was an abandonment of the suit against John, and that the plaintiffs in the attachment suit should have proved their claim against John's estate, or have proceeded in equity to settle the rights of the estate and creditors. We need not determine whether the administrators might properly have been made parties defendant. It is sufficient to say that they were not necessarily parties, and that the action was properly revived against Albert as survivor. How. Stat. § 7401. They might have presented their claim against the estate, but this would not have operated as an abandonment of their suit. *Manning v. Williams,* 2 Mich. 105.

No attempt was made to obtain a dissolution of the attachment, and it will therefore be presumed that there were valid grounds for the issuance of the attachment. A creditor who, by his diligence in instituting proper legal proceedings, has obtained a lien, is not deprived of it by the death of one of his debtors, when the suit is revived and prosecuted in the manner provided by law. His lien is continued, and upon the rendition of judgment the property attached may be seized and sold under an execution.

Judgment is reversed, with costs, and a new trial ordered.

The other Justices concurred.