CHARLES G. LEE, JOSEPH F. FORD, TENCH C. COXE, JR., and CHARLES G. LEE, co-partners doing business as Lee, Ford & Coxe, *Plaintiffs in Error*, vs. S. PULESTON and EDWARD HIGGINS, *Defendants in Error*.

137 So. 709.

Division A.

Opinion filed October 1, 1931.

*G. P. Garrett*, for Plaintiffs in Error;
*DeCottes & Spencer*, for Defendants in Error.

BUFORD, C.J.—The writ of error is to a judgment for

the defendants on demurrer being sustained to an amended declaration.

The suit was against S. Puleston and Edward Higgins on a note dated Asheville, N. C., October 16th, 1926, for the sum of $1500.00 payable two months after date and executed by George W. Knight, S. Puleston and Edward Higgins. The suit was filed in the Circuit Court of Seminole County, Florida, and the amended declaration was in four counts. The first count was as follows:

"The said S. Puleston and Edward Higgins, together with one George W. Knight, on to-wit: the 16th day of October, A. D. 1926, at to-wit: Asheville, North Caroline, by their joint promissory note, now over due, promised to pay to the said plaintiffs aforesaid, or order, two months after date, Fifteen Hundred ($1500.00) Dollars, together with interest thereon from date until paid at the rate of six per cent per annum, interest payable at maturity. But said defendants did not pay the same, or any part thereof, and same is now wholly due, owing and unpaid.

"And, thereafter, the said George W. Knight died, and by reason of said death the joint liability of said three persons on said note devolved upon the defendants, S. Puleston and Edward Higgins.

"WHEREFORE, Plaintiffs sue the defendants and claim damages in the sum of $4,000.00."

The next three counts are common counts.

The question presented here is, "Where three persons execute and deliver a joint promissory note and one of the makers of such note dies while the obligation is still in force, does the liability on said note devolve upon the survivors only?"

The judgment in the court below was entered upon the theory that the representative of the deceased joint maker of the note was a necessary party.

The question of necessary parties to a suit is governed by the law of the forum in which the suit is brought. Norton on Bills and Notes, 3d Ed., Hornbook, 190.

Section 71 R. G. S. 1920, 87 C. G. L. 1927, provides as follows:

"The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the fourth day of July, 1776, are hereby declared to be of force in this State: Provided, the said statutes and common law be not inconsistent with the Constitution and laws of the United States and the acts of the Legislature of this State."

The common law doctrine applicable to the question here involved has been changed and abrogated by statute. At common law it is the settled doctrine that in cases of a joint obligation if one of the joint obligors dies before the obligation is discharged his representative is in law discharged and the surviving obligors alone can be sued. Daniel on Negotiable Instruments, 6th Ed., Vol. 2, page 1456; 13 C. J. 574; Elliott on Contracts, Vol. 2, page 757, Sec. 1486.

The provisions of Sec. 2571 Revised General Statutes 1920, Sec. 4211 C. G. L. 1927, have abrogated the common law in this regard.

In City of Orlando v. Gooding et al., 34 Fla. 244, 15 South. Rep. 770, this Court, speaking through Mr. Justice TAYLOR, said:

"Although the point was not raised or noticed in the court below by demurrer, or otherwise, yet we cannot refrain from noticing the fact of the improper joinder in this action at law of the administratrix of a deceased party as defendant with the surviving co-obligors upon the cause of action sued upon. This is contrary to settled elementary principles. The one is to be charged *de bonis testatoris,* the other *de bonis propriis,* forms of judgment that the rules of law governing the law courts are not flexible enough to permit them to include the same judgment. 3 Williams on Executors, p. 1843; 2 Chitty on Pleading, 120. A separate action should have been brought against the administratrix of the deceased surety."

So it is that while a separate suit may be maintained

against the legal representative of a deceased obligor, if the obligation bound the deceased obligor severally, the suit cannot be maintained jointly against the surviving joint obligors and the legal representative of the deceased joint obligor for the reasons stated in City of Orlando v. Gooding, *supra*.

In Waller v. First Savings and Trust Company of Tampa, filed in this term of court, the writer thereof, quoting with approval from Brill v. Jewett, said:

" 'Where by statutes an action survives against the personal representatives of a defendant, it must also be considered as surviving in favor of the personal representative of plaintiff, even though there is no express provision to that effect'."

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.