WHITE, Judge.
The appellant, plaintiff below, filed an action against Frances L. Arnold, James R. Healey and Dorothy E. Healey on a joint promissory note signed by the three named defendants and one Jack N. Arnold. The complaint alleged that Jack N. Arnold died prior to the filing of the action. His estate was not made a defendant. The note was executed in form and content as follows:
No. 200 $2,775.00 Sarasota, Florida Dec. 1, 1959
“18 MONTHS OR SOONER after date, for value received, we promise to pay to the order of PHILLIPPI CREEK HOMES, INC.,_TWO THOUSAND SEVEN HUNDRED SEVENTY-FIVE AND NO/100----DOLLARS at 5619 South Tamiami Trail, Sarasota, Florida, with interest thereon at the rate of 6 per cent, per annum from date until fully paid. Interest payable semi-annually. The maker and endorser of this note further agree to waive demand, notice of non-payment and protest; and in case suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney’s fees for making such collection.
Jack N. Arnold (Seal)
Frances L. Arnold (Seal)
James R. Healey (Seal)
Dorothy E. Healey (Seal)”
*554 The defendant Frances L. Arnold filed a motion to dismiss the complaint on the ground that it failed to state a cause of action and on the further ground that plaintiff failed to join an indispensable party, the estate of the deceased joint maker Jack N. Arnold. Apparently before hearing was had on the motion to dismiss, the plaintiff filed a motion for summary judgment. Defendant Frances L. Arnold filed an opposing affidavit which stated that an administrator appointed for the estate of Jack N. Arnold; that notice to creditors was duly published; that no claim was filed by the plaintiff against said estate and that the time for filing such claim had expired.
In this state of the record a hearing was had on defendant Frances L. Arnold’s mo-tión to. dismiss and on plaintiff’s motion for summary judgment. The court denied plaintiff’s motion for summary judgment and granted defendant Frances L. Arnold’s motion to dismiss, allowing plaintiff 20 days to amend its complaint. Plaintiff amended by joining , as a party defendant Frances ,L.'Ar'ndld as administratrix of the estate of Jack N. Arnold and renewed its motion for summary judgment. Then Frances L. Arnold ,as administratrix of the estate of Jack N. .Arnold moved to dismiss on the ground that the amended complaint stated no cause of action and on the further ground that the estate of Jack N. Arnold was not properly a" defendant. The court granted the motion to dismiss and rendered final judgr ment for the defendants.
The original complaint stated a cause of action against the three surviving makers of the joint note, the complaint having alleged the death of the fourth maker Jack N. Arnold. The plaintiff could not join as a defendant in this case the representative of Jack N. Arnold’s estate. City of Orlando v. Gooding, 1894, 34 Fla. 244, 15 So. 770; Lee v. Puleston, 1931, 102 Fla. 1079, 137 So. 709; Corlett v. Oliver, 1932, 107 Fla. 403, 144 So. 877, 145 So. 886. Thus, it was error to grant the motion to dismiss. It reihains to be seen whether or not, notwithstanding this error, final judgment should have been rendered for the defendants.
While the original motion to dismiss was pending and before any answer was filed by any of the defendants, the plaintiff filed its motion for summary judgment. In this state of the pleadings the motion for summary judgment was irregular even though permissible. Settecasi v. Board of Public Instruction, Fla.App.1963, 156 So.2d 652. The defendants, or one or more of them, may have been able to plead payment or some personal defense such as discharge in bankruptcy, insanity or minority. The defendants in ordinary practice would not be required to answer until the motion to dismiss was determined.
However, defendant Frances L. Arnold filed an affidavit opposing the motion for summary judgment, stating as above noted that no claim was filed by the plaintiff against the Jack N. Arnold estate and that the time for filing had expired. Therefore, although the motion for summary judgment was in a sense premature, it evoked the filing of the opposing affidavit; and if the fact asserted in the affidavit, viz., the failure of the plaintiff to file a timely claim against the estate of Jack N. Arnold, operated as a discharge of the surviving makers, the trial court was not in error in rendering final judgment for the defendants. In this connection see Rule 1.36 Florida Rules of Civil Procedure, 30 F.S.A. and Carpineta v. Shields, Fla.1954, 70 So.2d 573, 48 A.L.R.2d 1185.
The common law concept of a joint contract gave the obligee a single cause of action against all of the obligors. Each joint obligor was liable for the entire debt but was not bound by himself alone; and yet, upon the death of a joint obligor only the surviving obligors could be sued and the estate of the deceased joint obligor was not liable. The estate of the last surviving obligor, however, could be sued. 12 Am. Jur., Contracts, § 271, p. 817; Annotation 67 A.L.R. 608. A limited exception to the *555 rule was permitted in equity under circumstances not here involved. See 12 Am.Jur., Contracts, § 271, p. 818.
In Florida the common law rule.that the debt was extinguished as to a deceased joint obligor has been modified by statute, Fla. Stat. § 45.11, F.S.A., which now provides:
“Actions; surviving death of party.— No action * * * shall, die with the person, and all actions shall survive and may be instituted, maintained, prosecuted and defended in the name of the personal representative of the deceased, or in the name of such other person as may be provided by law.”
Although this statute does not specifically refer to the survivorship of joint obligations as against the estates of deceased joint obligors, the Supreme Court of Florida has held that it does apply so that the estate of a deceased joint obligor may be sued. Corlett v. Oliver, 1932, 107 Fla. 403, 144 So. 877.
The decisive question on this appeal is whether this statute, § 45.11, had the effect' of abrogating the common law rule that surviving joint obligors could be sued alone on a joint debt Specifically, since the statute gives the obligee a right to sue the estate of a deceased joint obligor, does it have the effect of requiring the pursuit of the estate of the deceased joint obligor and also the surviving joint obligors on the general theory that all who can be sued on a joint obligation must be sued ?[1] Urging this interpretation of the statute, the defendant obligors argue that since the plaintiff did not file a timely claim against the estate of the deceased joint obligor, which resulted in barring the claim as against that .estate, the claim likewise is barred or extinguished as against the surviving obligors. The plaintiff of course contends to the contrary that its right of action against the surviving joint obligors alone has not been affected or modified in any way.
This precise question was not decided in. Corlett v. Oliver, supra. In that'case the creditor sued only the estate of the deceased obligor and proceeded to judgment. The Supreme Court upheld the judgment against the estate of the deceased joint obligor but required a stay of execution until a'separate suit against surviving joint obligors had also been brought to judgment, if the surviving joint obligors could be reached.. Inasmuch as the creditor in that case had' elected to pursue his remedy against the estate of the deceased joint obligor under the statute, his .election presumably having become binding when pursued to judgment, the question of whether the creditor under those circumstances was required'to sue the estate was not before ’ the court and was not decided. That question is squarely presented here and we 'must ¡decide It as-an> open question in this jurisdiction. v ■
After careful and extended consideration we'conclude that Fla.Stht. § 45.11, F.S.A., merely affords the creditor an additional remedy he did not'have ht common law and that the statute in no' way limits the common law liability of surviving joint' obligors. Thus the creditor ;at his option' may or may not pursue the estate of a deceased joint obligor, and his failure to do so gives the surviving obligors no defense in an action against them alone.[2]
The survival of action statute was enacted for the benefit of creditors to provide continuing or additional remedy in the collection of bona fide debts.' To'adopt the; defendants’ view would impose burdens on *556 the creditor which were not imposed by the common law. It would wrongfully enable joint obligors to escape liability by taking advantages of the passive inactivity of the creditor as to the estate of a deceased joint obligor. The death of a joint debtor should not place the creditor, as to the efficacy of his remedy, in a worse position than if death had not occurred. It would be a strange sense of justice if the unfortunate demise of one obligor should contribute as a windfall to joint obligors who are also presumptively liable for the entire joint debt which may or may not yet be due. Cf. Fillyau v. Laverty, Fla.1850, 3 Fla. 72, 103.
A creditor may be obligated not to interfere with any right of contribution which his joint debtors have among themselves, but it does not follow that the creditor must take positive steps to safeguard such right of contribution. The surviving debtors are more obligated to protect their own rights of contribution among themselves than is their creditor from whom directly or indirectly they received the money, goods or services which they bound themselves to recompense. The instant interpretation of the law does not leave surviving joint obligors without a remedy to protect their right of contribution against the estate of their deceased joint obligor. They may pay the debt and make claim against the estate of the deceased obligor for his contributive share. In view of the broad provisions of Fla.Stat. § 733.16, F.S.A., a surviving obligor can file his claim for contribution against the estate of a deceased joint obligor even if the obligation is contingent and unmatured.[3]
Our interpretation of the survival-of-action statute is supported by courts of other jurisdictions dealing with similar statutes. Rice’s Appeal, Mass.1863, 7 Allen 112; Manning v. Williams, Mich.1851, 2 Mich. 105; Hogan & Hogan v. Sullivan, 1906, 79 Vt. 36, 64 A. 234; Firestone Tire & Rubber Co. v. Hart’s Estate, 1932, 104 Vt. 197, 158 A. 92. In Hogan & Hogan v. Sullivan, supra, the court in confirming a judgment against the surviving obligor said:
“So the only exception available is to the judgment rendered — and that was correct. For the findings of the auditor establish a joint obligation on the part of the defendant and her deceased husband, and the settled rule of the common law is that the death of a joint promissor discharges his estate, and leaves the survivor liable for the entire amount of the debt * * * This rule is modified V.S. 2440 to the extent of making the estate of the deceased promissor liable for the debt, but the liability of the survivor is unaffected thereby.” (Emphasis added.)
See also, Annotation, 67 A.L.R. 634.
Having concluded that Fla.Stat. § 45.11, F.S.A. simply gave the plaintiff an additional remedy against the estate of Jack N. Arnold which he could pursue or not pursue at his option, it follows that the plaintiff’s failure to file a timely claim against the estate of Jack N. Arnold was immaterial and that liability for the entire debt may be enforced against the surviving joint obligors without reference to the estate of the deceased obligor.
The judgment is reversed and the cause remanded with directions to deny the motion to dismiss the original complaint, allow the defendants a reasonable time to answer, and for further proceedings in accordance with this opinion.
Reversed and remanded.
SMITH, C. J., and SHANNON, J. concur.

. This theory, if otherwise tenable, would still require separate suits. Corlett v. Oliver, supra.

. The non-claim section of the prohate code was not enacted to nullify claims nor does it extinguish the debt. It is merely designed to promote the safe, orderly and speedy administration-of la decedent’s estate by rendering claims unenforceable against the estate, if not timely filed. E. g. In re Smith’s Estate, Fla.App.1961, 132 So.2d 426; Davis v. Evans, Fla.App.1961, 132 So.2d 476; Fla.Stat. § 733.16, F.S.A.

. Fillyau v. Laverty, Fla.1850, 3 Fla. 72, 103, 106-107.