271 So.2d 163 (1972)
Augusta KEPHART, Appellant,
v.
Jack PICKENS and Nationwide Mutual Insurance Company, a Foreign Corporation, Appellees.
No. 72-45.
District Court of Appeal of Florida, Fourth District.
December 29, 1972.
Rehearing Denied January 24, 1973.
Karl O. Koepke of Whitaker, Koepke & Associates, Orlando, for appellant.
Charles A. Tabscott of Gurney, Gurney & Handley, Orlando, for appellees.
CROSS, Judge.
Appellant-plaintiff, Augusta Kephart, appeals from an order dismissing with prejudice an amended complaint in an action for damages arising out of an automobile-pedestrian collision. We affirm.
The collision in question occurred in Lexington, Kentucky. The complaint alleges that Jack Pickens (Pickens), a Kentucky resident, negligently operated his automobile so as to cause the automobile to collide with the plaintiff, Augusta Kephart (Kephart), a Florida resident. Suit was filed in Orange County, Florida. Process was served upon Nationwide Mutual Insurance Co. (Nationwide), which is a foreign *164 corporation qualified and authorized to transact business in Florida. Appellant concedes that service of process has not been perfected on Pickens.
Nationwide filed a motion to dismiss the complaint for insufficiency of service of process on the ground that there is no right of "direct action" in Florida which would authorize Kephart to institute an action against an insurance company without joinder of the insured. The trial court granted the motion to quash the service of process and dismissed the complaint with prejudice. This appeal followed.
Initially, we note that the dismissal of the complaint with prejudice predicated upon insufficiency of service of process on the insurer was erroneous. An insurer authorized to do business in Florida may be served in any civil action in this state, and such service is valid and binding if the provisions of Florida Statutes §§ 624.422, 624.423 (1971), F.S.A. have been complied with. Here the service was valid as the statute requirements had been satisfied. Notwithstanding the reason for dismissal of the complaint, however, we affirm[1] the order of the trial court on the ground that the plaintiff failed to join an indispensable party, the insured. Fla.R. Civ.P. 1.140(b)(7); 1.140(h), 30 F.S.A.[2]
An indispensable party is one whose interest in the subject matter of the action is such that if he is not joined, a complete and efficient determination of the equities and rights and liabilities of the other parties is not possible. Grammer v. Roman, 174 So.2d 443 (Fla.App. 1965).
The appellant, however, asserts that an insured is not an indispensable party and that a right of "direct action" exists solely against an insurer authorized to do business in Florida, citing Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969) and Maxwell v. Southern American Fire Ins. Co., 235 So.2d 768 (Fla.App. 1970). We disagree for the reasons hereinafter stated.
The Florida Supreme Court in Shingleton v. Bussey, supra, and Beta Eta House Corp. v. Gregory, 237 So.2d 163 (Fla. 1970)[3] determined that joinder of the insurer and his insured was proper under any type of liability insurance policy. The court in affirming the decision of the first district in Beta Eta House Corp. v. Gregory, 230 So.2d 495 (Fla.App. 1970), impliedly approved the statement of the first district that the Bussey decisions and the Beta Eta decision
"were not intended to nor do they have the effect of changing the substantive law of this state. These decisions have merely created a procedural innovation which permits a direct action against a liability insurance carrier as a codefendant in a suit brought against its insured where no such action previously existed." Beta Eta House Corp. v. Gregory, 230 So.2d at 499. (Emphasis ours.)
These decisions, then, are diametrically opposed to the position taken by the appellant on this appeal as they permit "direct action" only where the insurance company is a codefendant. The later case of Stecher v. Pomeroy[4] is concerned primarily with the severance aspect of the Beta Eta cases and does not shed any light on the question presented here.
Appellant's position is somewhat supported by Maxwell v. Southern American Fire Ins. Co., supra. However, that case is factually *165 dissimilar. In Maxwell, suit was brought directly and solely against an insurer under the medical payment provisions of a homeowners liability policy. On appeal this procedure was determined permissible. However, the court expressly noted that no attempt was being made to recover for the alleged negligence of the insured under the liability portion of the policy. Instead, recovery was being sought under the contract provisions of the policy.[5]
In the case sub judice recovery is being sought for alleged negligence under the liability provisions of an insurance policy. Under these facts, our decision is controlled by the reasoning in Russell v. Orange County, 237 So.2d 192 (Fla.App. 1970), cert. denied 239 So.2d 825 (Fla. 1970). In Russell, the plaintiff attempted a direct action solely against the insurer[6] under a liability policy for the negligence of the insured. The court determined this procedure to be impermissible as the liability of the insurer is dependent on the liability of its insured, and where the insured is not liable, the insurer could not be liable. While, admittedly, Russell is also factually dissimilar from the instant case because in Russell it was clear that the insured was not liable[7] and here a possibility exists as to the liability of the insured, we feel that the correct result was reached.
We have also considered the case of Thompson v. Commercial Union Ins. Co., 250 So.2d 259 (Fla. 1971), in which a judgment creditor was permitted to maintain a direct action solely against the insurance company. In Thompson, however, the complaint was based on the alleged fraud or bad faith of the insurer in the conduct or handling of the suit and the actions of the insured were not at issue. In the instant case, of course, the actions of the insured are uniquely in issue, and he is therefore an indispensable party as the plaintiff must prove that the insured was negligent in order to recover from the insurer under the liability insurance policy.
In conclusion we would note that this case is not of the Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966) variety,[8] as the plaintiff in this case did not attempt to obtain in rem jurisdiction over the insurer by attaching the debt and obligations of the insurer to the insured. Wherefore, we expressly render no decision on this point.
Accordingly, no error having been shown, the order of the trial court dismissing plaintiff's complaint with prejudice is affirmed.
Affirmed.
REED, C.J., and WALDEN, J., concur.
NOTES
[1] It is well settled that an appellate court will affirm an order of the trial court on appeal consistent with any theory revealed by the record, regardless of the reason stated in the order under review.
[2] This issue may be raised for the first time on appeal, Martinez v. Balbin, 76 So.2d 488 (Fla. 1954) and we do so, sua sponte, as the record clearly indicates, and the appellant concedes, that the insured cannot be served in Florida.
[3] Noted in 24 U.Miami L.Rev. 845 (1970).
[4] 253 So.2d 421 (Fla.) noted in 26 U. Miami L.Rev. 255 (1971).
[5] See also Boston Manufacturers Mutual Ins. Co. v. Fornalski, 234 So.2d 386 (Fla. App. 1970), and American Fire & Cas. Co. v. Blanton, 182 So.2d 36 (Fla.App. 1966). In both of these cases a direct action solely against the insurer was permitted under the medical payment provision. However, the question of whether a direct action was permissible does not appear to have been litigated by the parties.
[6] Suit was originally brought against Orange County, the insured, as well as the insurer. At trial, however, Orange County was dismissed from the cause, presumably due to the sovereign immunity doctrine, and that order was not contested on appeal. The insurer was also dismissed from the cause and this order was appealed. Therefore, on appeal the posture of the cause was a direct action solely against the insurer.
[7] See footnote 6, supra.
[8] For the same reason Barrios v. Dade County, 310 F. Supp. 744 (S.D.N.Y. 1970) is inapposite. The Seider v. Roth decision has not received universal acceptance. See State of Missouri ex rel. Government Employees Ins. Co. v. Lasky, 454 S.W.2d 942 (Mo. App. 1970); Jardine v. Donnelly, 413 Pa. 474, 198 A.2d 513 (1964); De Rentiis v. Lewis, 106 R.I. 240, 258 A.2d 464 (1969); Housley v. Anaconda Co., 19 Utah 2d 124, 427 P.2d 390 (1967).