STRAWN, DAVID U., Associate Judge.
Appellant has presented on this interlocutory appeal two points, neither of which warrants reversal.
Appellant first argues that Plaintiff’s filing of a paper entitled “Notice of Voluntary Dismissal,” the text of which asserted a “ . . . voluntary dismissal . as to the Defendant Ohio Casualty Insurance Company . . . .”, should be held also to dismiss the Appellant-Defendant Fischer.
The “Notice” made reference to F.R.C. P. 1.420 which relates to dismissal of actions, and provides the “manner” in which actions may be voluntarily dismissed.
F.R.C.P. 1.250 provides that a party Defendant may be dropped in the “manner” of dismissing actions provided for in F.R. C.P. 1.420. That “manner” is by “notice.”
It is evident from the record that Plaintiff dropped a party (permitted under F. R.C.P. 1.250) in the manner (by “notice”) provided in F.R.C.P. 1.420.
Appellant’s second ground for reversal asserts that Plaintiff-Appellee failed to file an affidavit establishing Plaintiff’s right to use the “long arm” provision of Fla.Stat. 48.161 (1975) to obtain personal jurisdiction over Defendant Fischer. We find no requirement in the statutes or in the rules for an affidavit showing entitlement to use of the statutory procedure. We do find a requirement in the statute for the preparation and filing by counsel of an affidavit showing “compliance” with the procedures of the statute. Fla.Stat. § 48.161(1) (1975). The Court should not *508 legislate such a requirement, and will only require the affidavit showing “compliance” with the statutes’ procedures which has been mandated by the Legislature.
AFFIRMED.
OWEN and MAGER, JJ., concur.