355 So.2d 219 (1978)
Kenneth I. ROBERTS, Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, a Corporation, Appellee.
No. FF-459.
District Court of Appeal of Florida, First District.
February 24, 1978.
*220 David C. Goodman, Jacksonville, for appellant.
Carl K. Staas of Boyd, Jennerette, Leemis & Staas, Jacksonville, for appellee.
BOYER, Judge.
Appellant, who was plaintiff in the trial court, seeks reversal of an order of the trial court dismissing his complaint with prejudice.
The facts are not in dispute. Appellant, a Florida resident, while traveling through Georgia had his truck repaired in Georgia by a Georgia resident. Upon returning to Florida he sought to sue for alleged unsatisfactory repairs, the gravamen of his action being that the truck must now be again repaired and that he has lost the use thereof as a result of the alleged "slip-shod" repairs by the Georgia repairman. The complaint was filed in Duval County, Florida, naming as the only defendant appellee Nationwide Mutual Fire Insurance Company, alleged to be the insurance carrier for the Georgia repairman. Nationwide moved to dismiss for failure to join an indispensible party. The plaintiff (appellant) refused to amend and refused to add the repairman as a party defendant, electing to stand on his complaint as filed. The order here appealed, dismissing with prejudice, was thereupon entered.
It is important to note that direct liability is here sought to be imposed upon the insurer, not for any dereliction of duty on its part, but solely because of the alleged negligence of its insured; thereby distinguishing the case sub judice from a situation wherein the insured might be a passive and disinterested participant. The several cases recited by appellant are adequately discussed in a well reasoned opinion of our sister court of the Fourth District, Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1972), with which we agree. Although the factual basis in Kephart v. Pickens is distinguishable, which is virtually always the case, the rationale is equally applicable sub judice.
While the Kephart decision has been severely criticized in a law review article, "Mandatory Joinder of Parties in Civil Proceedings", Vol. XXXVI, No. 3, Spring 1974, University of Florida Law Review, wherein the author, alluding to the reasoning of that opinion states: "This reasoning amounts to nonreasoning and cannot survive analysis.", neither the author of that article nor appellant in his brief has cited us to any Florida court taking a contrary position: Nor do we.
AFFIRMED.
McCORD, C.J., and MASON, ERNEST E., Associate Judge, concur.