394 So.2d 115 (1981)
Andrew COZINE, etc. et al., Petitioners/Appellants,
v.
Ralph TULLO, Jr., etc. et al., Respondents/Appellees.
Nos. 58099, 58143.
Supreme Court of Florida.
January 29, 1981.
A.J. Barranco, Jr., and Steven Kellough of Law Offices of A.J. Barranco, Jr., Miami, for petitioners/appellants.
Philip E. DeBerard, III, Law Offices of Richard M. Welsh, Miami, for respondents/appellees.
Larry Klein, West Palm Beach, for The Academy of Florida Trial Lawyers, amicus curiae.
PER CURIAM.
This is a combined appeal and petition for certiorari from an order of the trial judge striking Cambridge Mutual Fire Insurance Company from a personal injury action brought against its insured. In doing so the court upheld the constitutionality of section 768.045, Florida Statutes (1977). We have jurisdiction. The issue is whether this statute is an impermissible invasion of this Court's rulemaking authority. For the reasons expressed in Markert v. Johnston, 367 So.2d 1003 (Fla. 1978), we hold that it is and that the statute is unconstitutional.
This cause is remanded to the trial court for further proceedings consistent with this holding.
It is so ordered.
*116 SUNDERG, C.J., and ADKINS, BOYD and ENGLAND, JJ., concur.
McDONALD, J., dissents with an opinion with which OVERTON and ALDERMAN, JJ., concur.
McDONALD, Justice, dissenting.
Although the proposition has been criticized,[*] procedural rulemaking is the exclusive province of this Court. I disagree, however, that either section 627.7262(1) or 768.045, Florida Statutes (1977), is entirely procedural so as to run afoul of this exclusive power.
In Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), this Court, changing prior holdings, recognized the right of an injured party to join the defendant's auto insurance company as a real party in interest in suits against that company's insured. At the same time, however, we recognized the authority of the legislature to relieve insurance companies of this rule:
This requirement of the procedural rules raises the presumption that unless the Legislature in the exercise of its police power regulation of insurance, affirmatively gives insurers the substantive right to insert "no joinder" clauses in liability policies there is no basis in law for insurers to assume they have such contractual right as a special privilege not granted other citizens to contract immunity with their insureds from being sued as joint defendants by strangers.
Id. at 718-19. In Markert v. Johnston, 367 So.2d 1003 (Fla. 1978), we tacitly recognized the above principle but concluded that section 627.7262(1) was entirely procedural.
I recognize that the determination of what is procedural and what is substantive is no easy task, but I suggest that section 768.C45 is not procedural. In the first sentence the joinder of an indemnity insurance company in a tort action brought against its insured is prohibited. Additional parts of the statute place various affirmative duties on a company.
Insurance is a contract whereby one undertakes to indemnify or pay or allow a specified amount of a determinable benefit upon determinable contingencies. § 624.02, Fla. Stat. (1977). Liability insurance is insurance against legal liability for the death, injury, or disability of any human being, or for damage to property. § 624.605(1)(b), Fla. Stat. (1977). The liability of an insurance company is not fixed until the liability against its insured is determined, at which time it is the insurer's duty to protect its insured by paying the liability up to the amount it agreed so to do. Of course, the insurance company is a real party in interest because, if there be no liability on the part of its insured, the company also escapes liability. Likewise, the company is interested in the size of any verdict should there be liability.
The presence or absence of an insurance company in a suit should not affect either liability or damages, but few people truly feel that it does not. Sometimes an injured party loses or is awarded less than he is entitled to, unless the insurance company is a party, because the jury is apprehensive of a verdict's impact on the defendant; sometimes a higher verdict is returned simply because an insurance company is named. Either way the insurance company comes out ahead by not being joined.
The insurance industry has shown a keen interest in getting out of such suits; the plaintiff's bar has been united in its attempt to keep insurance companies in. These interested parties, at least, must also feel that substantive rights are affected by nonjoinder statutes.
The legislature has enacted myriad statutes in the field of insurance. It has noted thereby a public interest in this area. One of its legitimate concerns is to determine whether the public interest is served best by the joinder or by the nonjoinder of insurance companies in tort litigation. Because the legislature has a legitimate interest in *117 this subject matter, we should recognize that interest by upholding nonjoinder statutes. Should the legislature change its view and allow an indemnity insurance company to be joined, we should recognize that.
I would sustain the trial judge's ruling.
OVERTON and ALDERMAN, JJ., concur.
NOTES
[*] See Means, The Power to Regulate Practice and Procedure in Florida Courts, 54 Fla.B.J. 276 (1980).