421 So.2d 535 (1982)
Frank P. PICCOLO, and His Wife, Myrtice Piccolo, Appellants,
v.
HERTZ CORPORATION, Appellee.
No. AG-460.
District Court of Appeal of Florida, First District.
August 19, 1982.
Rehearing Denied November 29, 1982.
Michel L. Stone of Urquhart & Pittman, P.A., Panama City, for appellants.
Benjamin W. Redding and Thomas F. Welch of Barron, Redding, Boggs, Hughes, Fite & Bassett, P.A., Panama City, for appellee.
JOANOS, Judge.
This appeal involves the question of the applicability of the Louisiana statute permitting direct action against the insurer alone. The relevant facts are that Appellant Frank Piccolo was injured in a motor vehicle accident in Louisiana. The other driver, Kiern, was driving a Hertz rental vehicle. The Piccolos filed a complaint and amended complaint in Florida naming Hertz Corporation as the sole defendant.
The trial court granted a motion to dismiss the amended complaint. The motion urged that the Piccolos had not joined the insured driver as a party defendant and that the insured is an indispensable party to a direct action against the liability insurance carrier. In the order, the trial court ruled:
[T]he Louisiana Direct Action Statute relied upon by Plaintiff is procedural in nature and not, therefore, applicable to this action. Plaintiff having failed to join the alleged insured as required by the law of Florida, the Amended Complaint should be dismissed for failure to join an indispensable party.
The first issue presented to us is whether the Louisiana statute at issue, La.Rev.Stat. Section 22:655 (1950), is substantive for choice of laws purposes. On this issue, the United States Supreme Court's case of Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59 (1954), is controlling. Lumbermen's was a diversity of citizenship case wherein the Court evaluated the effect of the Louisiana direct action statute. There was diversity of citizenship between the plaintiff and the insurer (the sole defendant), but not between the plaintiff and the insured alleged *536 tortfeasor. Rejecting the insurer's contention that the "matter in controversy" was the underlying tort liability and the insured was the real party-defendant in interest, the Court noted that the plaintiff's suit under the Louisiana law encompassed proof of the tortfeasor's negligence, but also required proof of liability under the insurance policy. In so ruling, the Court adopted the Louisiana courts' characterization of the statute as "creating a separate and distinct cause of action against the insurer which an injured party may elect in lieu of his action against the tortfeasor." [emphasis supplied] 348 U.S. at 51, 75 S.Ct. at 154.
Appellee contends that the Florida Supreme Court specifically held in Markert v. Johnston, 367 So.2d 1003 (Fla. 1978), that joinder of liability insurers was procedural in Florida. On the contrary, the supreme court determined that it was not necessary to resolve that issue since the statute under challenge attempted to control the timing of joinder during the course of trial, not the fact of joinder, and timing is a procedural matter.
Appellee also relies on Cozine v. Tullo, 394 So.2d 115 (Fla. 1981), wherein the Florida Supreme Court struck down Section 768.045, Florida Statutes (1977), prohibiting joinder of a liability insurer in an action to determine the insured's liability, as an impermissible invasion of the court's rule-making authority, thus considering the statute procedural. The question of joinder is different from the question of whether a suit may be maintained in the first place; the former is procedural, whereas the latter is substantive. Accordingly, we hold that the Louisiana direct action statute is substantive.
The second issue presented is whether the insured is an indispensable party to this suit. Appellee urges that Roberts v. Nationwide Mutual Fire Insurance Co., 355 So.2d 219 (Fla. 1st DCA 1978), and Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1972), are controlling on this point. Both of those cases involved out-of-state incidents, out-of-state insureds, Florida residents, insurers who were qualified to do business in Florida, and the issue of the failure to join an indispensable party. However, a reading of those cases reveals no discussion of a conflict of laws issue. One cannot discern whether the issue was even raised. Nor can one discern whether the states in which the incidents occurred had direct action statutes, such as the one at issue here. Accordingly, those cases are not dispositive.
In Lumbermen's, the United States Supreme Court directly rejected the contention that the tortfeasor was an indispensable party. When the plaintiff chooses to proceed directly against the insurer under the statute, he or she abandons the right to bring suit against the tortfeasor. Thus, the Court concluded, the entire claim may be disposed of in the direct action without injustice to any of the participants. This leads to the conclusion that the insured is not an indispensable party to this suit.
Accordingly, the trial court's dismissal with prejudice is REVERSED and REMANDED for further proceedings consistent with this opinion.
WIGGINTON, J. and OWEN, WILLIAM C., Associate Judge, concur.