427 So.2d 1123 (1983)
Elizabeth GONZALEZ, Petitioner,
v.
The Honorable Jack M. TURNER, Judge, Circuit Court of the 11TH Judicial Circuit, in and for Dade County, Florida, Respondent.
No. 82-2621.
District Court of Appeal of Florida, Third District.
March 15, 1983.
Horton, Perse & Ginsberg, Lawrence Rodgers, Miami, for petitioner.
Robert A. Ginsburg, County Atty. and Roy Wood, Asst. County Atty., Peters, Pickle, Flynn, Niemoeller, Stieglitz & Downs and Donna S. Catoe, Miami, for respondent.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
Gonzalez sued one Nowak and his insurer, Continental Insurance Company, for damages arising from Nowak's alleged negligent and careless discharge of a BB-gun. Continental denied liability and, asserting that Nowak's act was intentional, counterclaimed for the entry of a "no coverage" declaratory judgment. The case proceeded to jury trial. At the conclusion of all the evidence, Gonzalez moved for a directed verdict against Continental. The trial court, stating that it was "going to grant the motion," and, later, that it had "granted the motion," nonetheless decided to submit the coverage issue to the jury to obviate the *1124 necessity of a new trial in the event its directed verdict decision were to be reversed on appeal. At this juncture, Gonzalez settled her claim against Nowak and announced that she was "voluntarily dismissing" her action against him. With that, the court declared the case over and discharged the jury. Thereafter, the trial court (a) refused to enter judgment on Gonzalez's motion for directed verdict against Continental, and (b) refused to enter judgment against Nowak pursuant to the settlement, both refusals being based on the ground that Gonzalez's act of taking a voluntary dismissal against Nowak divested the court of all further jurisdiction. Gonzalez seeks review through a petition for writ of mandamus.
It is a well-accepted principle of law that when a plaintiff exercises his right to voluntarily dismiss the lawsuit, the suit terminates, and the court thereafter is without jurisdiction to adjudicate the cause in any way. Randle-Eastern Ambulance Service v. Vasta, 360 So.2d 68 (Fla. 1978); see Gonzalez v. Mulreany, 375 So.2d 621 (Fla. 3d DCA 1979). This principle, however, applies to the case at hand only in respect to the relief sought against Nowak. Gonzalez did not voluntarily dismiss her entire action, but instead voluntarily dismissed her action against one of two defendants.[1] This she had a clear right to do under Florida Rule of Civil Procedure 1.250 (a party "may be dropped by an adverse party in the manner provided for voluntary dismissal in Rule 1.420(a)(1) ...") without jeopardizing the jurisdiction of the court over the still pending action against the other defendant. Hinton v. Iowa National Mutual Insurance Co., 317 So.2d 832 (Fla. 2d DCA 1975). See Fischer v. Bartberger, 330 So.2d 507 (Fla. 4th DCA 1976); DeMaupassant v. Evans, 300 So.2d 313 (Fla. 1st DCA 1974). Thus, when Gonzalez announced her voluntary dismissal of Nowak, the case terminated as to Nowak only. Since jurisdiction over Gonzalez vis-a-vis Continental was unaffected by the dismissal of Nowak, the trial court incorrectly denied Gonzalez relief against Continental on the ground of lack of jurisdiction.[2]
We are of the view, however, that mandamus does not lie. Although it is true that the trial court stated that it had granted Gonzalez's motion for directed verdict against Continental, its later decision to send the coverage issue to the jury is inconsistent with and belies its earlier statement. Thus, we cannot compel the trial court to enter judgment pursuant to its evanescent "directed verdict," since it is far from clear that we would be compelling a purely ministerial act. We are authorized, however, to treat Gonzalez's petition for a writ of mandamus as a petition for writ of certiorari, and we do so. See Fla.R.App.P. 9.040(c); Berry v. Clement, 346 So.2d 105 (Fla. 2d DCA 1977). We grant in part and deny in part the petition for writ of certiorari. We quash the trial court's order refusing to enter judgment against Continental on the ground of lack of jurisdiction and remand the cause for further proceedings. We deny the petition for writ of certiorari insofar as it relates to the trial court's refusal to enter judgment against Nowak, since as to him the jurisdiction of the trial court ended when he was dropped as a party.
NOTES
[1] A plaintiff's attempt to voluntarily dismiss not a party, but less than his entire action against a party, is considered an attempt to partially dismiss, which, because not authorized by law, is a nullity and ineffective to divest the trial court of jurisdiction. Lauda v. H.F. Mason Equipment Corp., 407 So.2d 392 (Fla. 3d DCA 1981); Deseret Ranches of Florida, Inc. v. Bowman, 340 So.2d 1232 (Fla. 4th DCA 1976).
[2] Since it is apparent that this was the reason for the trial court's refusal to grant Gonzalez relief, we do not pass upon any other possible justification for the trial court's action. We are simply not in a position to decide, on the limited record presented to us, whether, under the circumstances of this case, Nowak's continued presence in the suit was indispensable to the continuation of the action and an adjudication against Continental. Compare, e.g., Thompson v. Commercial Union Insurance Co. of New York, 250 So.2d 259 (Fla. 1971); Maxwell v. Southern American Fire Insurance Co., 235 So.2d 768 (Fla. 3d DCA 1970), with Roberts v. Nationwide Mutual Fire Insurance Co., 355 So.2d 219 (Fla. 1st DCA 1978); Nationwide Mutual Fire Insurance Co. v. Holmes, 352 So.2d 1233 (Fla. 4th DCA 1977); Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1972).