ALDERMAN, Chief Justice,
concurring specially.
I agree that we should not abolish Florida Rule of Civil Procedure 1.450(e). But I believe that we should resolve this issue finally now and not leave the question open for revisitation when we consider rule changes in the normal four-year cycle. The valid public policy reasons which prompted our promulgation of this rule in Carter v. Sparkman, 335 So.2d 802 (Fla.1976), still exist. Indisputably, recovery against a health care provider should be founded on an objective finding of actionable negligence. Reference to insurance coverage most definitely has the improper effect of increasing the likelihood of jury verdicts, not only in medical malpractice cases but also in other civil litigation, particularly automobile accident cases. Insurance coverage should never be permitted to affect the outcome of a case.
I also disagree with the majority’s decision not to adopt at this time a rule similar to rule 1.450(e) for other types of actions. This rule not only should apply in malpractice cases but also should be extended to apply in other actions. In my concurring specially opinion in Markert v. Johnston, 367 So.2d 1003 (Fla.1978), I made my view on this matter clear. Although I agreed that section 627.7262, Florida Statutes (1977), proscribing the joinder of motor vehicle liability insurers as defendants in suits brought against their insureds, was unconstitutional in that it impermissibly encroached on the judiciary’s procedural rule-making prerogative, I stated that I would adopt the substance of section 627.7262 as a rule of procedure because of the wisdom of the legislation and because it is a legislative expression of the public policy of this state.
The legislature has clearly expressed the public policy of this state: Liability insur- *314 anee coverage should in no way affect the judicial determination of liability and damages in a lawsuit. The reason for this policy is obvious: There is a real danger that jurors may be influenced if they know whether the defendant in the case they are deciding has liability insurance coverage.
Other members of this Court in the past have said that we should recognize this public policy. Justice McDonald, in a recent dissenting opinion with which Justice Overton and I concurred, stated:
The presence or absence of an insurance company in a suit should not affect either liability or damages, but few people truly feel that it does not. Sometimes an injured party loses or is awarded less than he is entitled to, unless the insurance company is a party, because the jury is apprehensive of a verdict’s impact on the defendant; sometimes a higher verdict is returned simply because an insurance company is named.
Cozine v. Tullo, 394 So.2d 115, 116 (Fla. 1981) (McDonald, J., dissenting) (emphasis supplied).
I can think of no valid reason why there should be any reference to liability insurance coverage in any case.. I therefore, without further delay, would adopt a rule similar to rule 1.450(e) for other types of actions.