453 So.2d 12 (1984)
HERTZ CORPORATION, Petitioner,
v.
Frank P. PICCOLO, and Wife, Myrtice Piccolo, Respondents.
No. 62998.
Supreme Court of Florida.
April 5, 1984.
Rehearing Denied July 27, 1984.
Benjamin W. Redding and Thomas F. Welch of Barron, Redding, Boggs, Hughes, *13 Fite, Bassett & Fensom, Panama City, for petitioner.
Michel L. Stone of Urquhart, Pittman & Stone, Panama City, for respondents.
EHRLICH, Justice.
The issue before us is whether an alleged tortfeasor is an indispensable party in a suit against the tortfeasor's insurer based on a Louisiana direct action statute. The decision of the district court conflicts with Lee v. Puleston, 102 Fla. 1079, 137 So. 709 (1931). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the district court decision.
Frank Piccolo was injured in a motor vehicle accident in Louisiana. The truck which struck Piccolo's car had been rented from Hertz in Louisiana, and was driven by John Kiern. Piccolo and his wife sued in Florida for damages incurred in the accident, naming Hertz as sole defendant. Ultimately,[1] the trial court dismissed the suit, holding that the Piccolos could not sue Hertz, as insurer of the truck, without also joining the alleged tortfeasor, Kiern.
The Piccolos based their action against Hertz on Louisiana's direct action statute[2] which allows suit against an insurer without joinder of the insured tortfeasor. The trial court held that joinder of the tortfeasor was a procedural issue, and that procedural issues, under Florida conflict of laws jurisprudence, are controlled by the law of the forum. In Florida procedure, the insured is an indispensable party in a suit grounded on the alleged negligence of the insured. Kephart v. Pickens, 271 So.2d 163, 164-65 (Fla. 4th DCA 1972), cert. denied, 276 So.2d 168 (Fla. 1973). Therefore, the trial court dismissed the amended complaint. The First District Court of Appeal reversed, holding that the Louisiana direct action statute was substantive, controlled the case, and thus allowed *14 a suit to be maintained against Hertz without joining driver Kiern. Piccolo v. Hertz Corp., 421 So.2d 535 (Fla. 1st DCA 1982).
Petitioner Hertz argues that the alleged tortfeasor is an indispensable party, relying on a statement in Puleston: "The question of necessary parties to a suit is governed by the law of the forum in which the suit is brought."[3] 102 Fla. at 1080, 137 So. at 710. However, we find that Puleston is not a complete statement of the subject. The Restatement (Second) of Conflict of Laws § 125 (1969) offers what we perceive to be the correct statement of the law, which we adopt: "The local law of the forum determines who may and who must be parties to a proceeding unless the substantial rights and duties of the parties would be affected by the determination of this issue."[4]
If "substantial rights and duties" are affected, in other words, if substantive law be an issue, the rule adopted by this court in Bishop v. Florida Specialty Paint Co., 389 So.2d 999, 1001 (Fla. 1980), applies: "[T]he local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship... ." (quoting Restatement (Second) of Conflict of Laws § 146 (1971) (emphasis omitted)).
Based on the "significant relationship" test of Bishop, it would be possible for Florida law to apply even if the Louisiana statute were substantive, if Florida had a more significant relationship to the issue than Louisiana. However, clearly in the instant case Louisiana has a more significant relationship to the issue than Florida. The controlling question therefore is whether the Louisiana direct action statute is substantive. If it is, then the Bishop rule dictates that the Louisiana statute controls the question of indispensable parties. If the Louisiana statute is procedural, then Florida law controls. Strauss v. Sillin, 393 So.2d 1205, 1206 (Fla. 2d DCA 1981). For the reasons discussed below, we find the statute in question is substantive.
The Louisiana Supreme Court has repeatedly held that the statute affects substantial rights and duties. In West v. Monroe Bakery, 217 La. 189, 46 So.2d 122 (1950), the court held the direct action statute
gives the injured party an immediate right of direct action against the insurer of the party responsible for the injuries. The statute expresses the public policy of this State that an insurance policy against liability is not issued primarily for the protection of the insured but for the protection of the public. Frequently the insured is financially irresponsible and the only recourse of a person injured by the negligence of the insured is against his insurance carrier.
Id. at 209-10, 46 So.2d at 129-30 (quoting Davies v. Consolidated Underwriters, 199 La. 459, 6 So.2d 351 (1942) (emphasis in original)).
The United States Supreme Court relied on the West decision when it interpreted the Louisiana direct action statute:
[T]he Louisiana courts have differentiated between actions brought by an injured *15 party against the insurer alone and those brought against either the tortfeasor alone or together with the insurer. In the former action, the insurer is foreclosed from asserting defenses such as coverture, normally available to the tortfeasor. Similarly, the insurer is severely restricted in advancing technical defenses based upon the terms of the policy, such as a failure of notice, when the injured party brings a direct action. While either type of action encompasses proof of the tortfeasor's negligence, in the separate suit against the insurer a plaintiff must also establish liability under the policy. The Louisiana courts have characterized the statute as creating a separate and distinct cause of action against the insurer which an injured party may elect in lieu of his action against the tortfeasor.
Petitioner [a defendant insurer sued without joinder of the insured tortfeasor] is therefore not merely a nominal defendant but is the real party in interest here... .
Petitioner next asserts that the tortfeasor is an indispensable party to this litigation... . Clearly under the Louisiana statute and practice the argument has no merit... . The state has created an optional right to proceed directly against the insurer; by bringing the action against petitioner, respondent [plaintiff] has apparently abandoned her action against the tortfeasor. Thus a complete disposition of the entire claim may be made in this one action, without injustice to any of the participants.
Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 51-52, 75 S.Ct. 151, 153, 99 L.Ed. 59 (1954) (citations and footnote omitted).
While not binding on this Court in a conflict of laws situation such as this, the reasoning of the United States and Louisiana Supreme Courts is persuasive. Clearly, the election of remedies available to the Piccolos, the foreclosure of certain defenses available to Hertz, and the added burden on the Piccolos to establish liability under the policy constitute a separate and distinct cause of action, which is substantive law of the state of Louisiana. We therefore hold that when a party sues in a Florida court under Louisiana's direct action statute, the suit may be maintained solely against the insurer.
Hertz argues that to find the Louisiana statute applicable in Florida would conflict with the decisions of the courts of this state regarding joinder of insurers. In Markert v. Johnston, 367 So.2d 1003 (Fla. 1978) and Cozine v. Tullo, 394 So.2d 115 (Fla. 1981), this Court held that joinder of an insurer was a procedural matter, and not within the province of the legislature to control. However, in those cases the distinguishing factor has been that the legislation under review governed the timing of joinder, and did not affect the question of whether an insurer was a proper party. This distinction is further illustrated by our decision in Vanbibber v. Hartford Accident & Indemnity Insurance Co., 439 So.2d 880 (Fla. 1983), where we upheld the constitutionality of a statute barring direct action against the insurer because it was substantive.
The second issue addressed by the district court  whether the insured is an indispensable party  requires little comment. The essential nature of the Louisiana statute, the factor which makes the statute substantive, is that suit may be maintained against the insurer alone. The insured therefore is not indispensable. Lumbermen's, 348 U.S. at 52, 75 S.Ct. at 154.
Accordingly, we approve the decision of the district court and we recede from Puleston to the extent that it conflicts with this decision.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
SHAW, J., dissents with an opinion.
McDONALD, J., dissents.
*16 SHAW, Justice, dissenting.
I disagree with the majority in their identification of the issue. We have more than a conflict of laws involved here; we have a conflict of important public policies. I see the issue as whether comity requires that we follow the public policy of Louisiana, as determined by the Louisiana legislature and courts, even though the public policy of Florida, as determined by the Florida legislature and this Court, is directly contrary to the Louisiana policy. My answer is no.
Comity has been described as the principle under which courts of one jurisdiction give effect to law and judicial decisions of another out of deference and respect, not obligation. While Florida courts as a matter of comity will generally recognize the legislative and judicial acts of another state, they will depart from the rule of comity for the purpose of protecting the citizens of this state or enforcing paramount rules of Florida public policy. See 10 Fla.Jur.2d Conflict of Laws §§ 3-4 (1979). Both reasons are implicated here. Further, as Justice Adkins, speaking for this Court, succinctly put it: "While comity is in theory a beneficial exercise in interstate harmony, it may not be used for an improper purpose. The goal of comity is institutional cooperation, not private enrichment." Gillen v. United Services Automobile Ass'n, 300 So.2d 3, 6 (Fla. 1974).
Louisiana grants an injured party the right to bring a direct action against the insurer alone. In direct contradiction, Florida grants an insurer the right to require that a judgment first be obtained against an insured tortfeasor before the insurer can be brought to court. § 627.7262, Fla. Stat. (Supp. 1982); Vanbibber v. Hartford Accident & Indemnity Insurance Co., 439 So.2d 880 (Fla. 1983). The Vanbibber decision culminated some fourteen years of effort by this Court and the legislature to resolve the issue of whether an injured party could concurrently sue both the insurer and the insured.[1] Our jurisdiction in Vanbibber was based on the question being one of great public importance. We upheld section 627.7262 as being a valid legislative pronouncement of public policy. I dissented from the Vanbibber decision because I am convinced that an injured party has a constitutional right to concurrently sue both an alleged tortfeasor and his insurer. This does not mean, however, that I see any merit in permitting an injured party to sue an insurer without joining the tortfeasor. Indeed, suing the insurer alone has much the same defects as suing the tortfeasor alone. We will now have the worst of both worlds. The majority decision opens up liability insurers in Florida to direct action suits in Florida courts for liability which they might incur in any other state or nation where a direct cause of action against insurers alone is permitted. Judicial economy is not furthered by enlarging the body of law under which Florida courts are required to apply unfamiliar foreign law, particularly where the cases involve proof of torts which occurred in distant jurisdictions. I am unable to join the majority in holding, only months after Vanbibber decided this question of great public importance, that courts of this state should apply foreign law which so directly contradicts a strong and distinctive *17 public policy of this state.[2] For that reason, I would depart from the rule of comity and apply the public policy of this state. I also consider it of at least marginal importance that the majority approach condones what is generally condemned: forum shopping.
NOTES
[1] The Piccolos' initial complaint sought to hold Hertz solely liable as owner of the vehicle. The trial court granted summary judgment to Hertz, finding Louisiana law did not hold an owner liable in this situation. The trial court then granted leave to amend the complaint, to consider the issue now before us.
[2] The statute reads:

No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors mentioned in Revised Civil Code Article 2315, or heirs against the insurer. The injured person or his or her survivors or heirs hereinabove referred to, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Art. 42, Code of Civil Procedure. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if the same are not in violation of the laws of this State. It is the intent of this Section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this State.
It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy.
La. Rev. Stat. Ann. § 22:655 (West 1978). The venue provisions are, of course, procedural, and therefore inapplicable in an action in Florida.
[3] Indispensable parties are necessary parties so essential to a suit that no final decision can be rendered without their joinder. This is in contrast to other necessary parties, who have an interest in a suit and ought to be made parties, but who do not have to be joined before a final decision may be rendered. A final decision will bind those parties joined in the suit, but will have no effect on the rights of necessary but unjoined parties. Alger v. Peters, 88 So.2d 903, 908 (Fla. 1956). See also Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118-25, 88 S.Ct. 733, 742-46, 19 L.Ed.2d 936 (1968); 17 Fla.Jur.2d Parties § 7 (1982). Puleston's reference to necessary parties thus includes indispensable parties, giving rise to the conflict we resolve in this decision.
[4] The comment to the section states "the local law of the forum will not be applied to determine whether a direct action can be maintained against an insurance company without the need of first obtaining a judgment against the insured." Restatement (Second) of Conflict of Laws § 125 Comment (1969).
[1] Until 1969, case law barred either joinder or mention of insurers in tort suits. Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), and Beta Eta Home Corp. v. Gregory, 237 So.2d 163 (Fla. 1970), as a matter of public policy, authorized a right of concurrent direct action against liability insurers. Section 627.7262, Florida Statutes (1977), overrode Shingleton by prohibiting joinder of motor vehicle liability insurers except when the insurer asserted a policy or coverage defense. We, in turn, invalidated the statute on the ground that it was an unconstitutional invasion of this Court's exclusive constitutional rule-making authority. Markert v. Johnson, 367 So.2d 1003 (Fla. 1978). The legislature riposted with chapter 82-243, § 542, Laws of Florida, which substantially reworded section 627.7262 to avoid invasion of this Court's rule-making authority. We then upheld the constitutionality of the reworded statute because the statute was substantive and contained a valid legislative pronouncement of public policy that a liability insurer cannot be sued by a third party until a judgment is obtained against an insured tortfeasor.
[2] In view of its background, Vanbibber certainly warrants description as a strong and distinctive public policy. Cf. Continental Mortgage Investors v. Sailboat Key, Inc., 395 So.2d 507, 509 (Fla. 1981) (Florida usury statute prohibiting certain interest rates does not establish a strong public policy which warrants rejection of provisions in interstate loan contract).