472 So.2d 790 (1985)
STATE of Florida, DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, and David Pingree, Secretary, Hrs, Appellants,
v.
STATE of Florida, et al., David G. Cobb, Thomas J. Hodges, Andrew A. Davis, Don E. Sheffield, James C. Parmer, Harry T. Strickland, Freddy Burch, William Thomason, Rex A. Moody, Quinton Finuff, Hollis McLendon, Jr., Rennell W. Albritton, Lavern H. Dickens, Otis Brown, Steve S. Horton, Carl E. Glass, William T. Arrant, Kenneth Frost, Jr., Tom Lewis, Sharon Johnson, Granderson Johnson, and Linda Henley, Appellees.
No. AZ-487.
District Court of Appeal of Florida, First District.
July 2, 1985.
Rehearing Denied August 1, 1985.
*791 Theodore E. Mack, Asst. Gen. Counsel, Dept. of Health & Rehabilitative Services, Tallahassee, for appellants.
Edward S. Stafman, Tallahassee, for appellees.
WENTWORTH, Judge.
The Department of Health and Rehabilitative Services (HRS) seeks review of an order granting summary judgment and directing HRS to provide appellees with "back contact pay." We find that the court erred in granting summary judgment and we reverse the order appealed.
In January 1982 correctional officers at the Florida State Hospital were reclassified to the position of institutional security specialists; such reclassification effected a loss of certain benefits including what is denominated as contact pay.[1] Correctional officers who were then employed at the hospital and subject to reclassification filed an administrative petition naming HRS and the Department of Administration as parties and challenging the diminution of benefits. After negotiation the parties entered into a stipulation which was adopted by HRS as a final order. The stipulated order recognizes that the administrative challenge was brought as a class action, and identifies the petitioners as individuals employed as correctional officers prior to the January 1982 reclassification. The order provides for the continuation of negotiated benefits, including contact pay, for the petitioners "and those similarly situated."
Appellees are institutional security specialists who commenced their employment at the hospital subsequent to the January 1982 job reclassification. In accordance with their status as security specialists, HRS is not providing these individuals with contact pay. Contending that they are embraced within the terms of the prior stipulated order, appellees filed a circuit court action for the enforcement of such order and the attendant provision of contact pay; the action was alternatively predicated upon an equal protection/due process claim pursuant to 42 U.S.C. § 1983. HRS moved to dismiss, asserting that appellees lack standing and had failed to join an indispensable party by declining to name the Department of Administration as a party defendant. The court denied the motion to dismiss and entered an order granting summary judgment upon a finding that appellees "were members of the class in the initial administrative proceeding," and that the denial of contact pay "would violate ... rights to equal protection of the law." The court accordingly ordered HRS to provide appellees with back contact pay, and to continue such pay "in a manner consistent with all other Institutional Security Specialists covered by the initial administrative order... ."
Section 120.69(1)(b), Florida Statutes, establishes that a petition for enforcement of agency action may be filed by a "substantially interested" person. However, any consideration of appellees' interest is dependent upon a determination as to whether they are embraced within the class addressed *792 by the stipulated agency order which they sought to enforce. The order clearly identifies the stipulating petitioners as individuals with the status of correctional officers prior to the January 1982 job reclassification, and the order expressly provides only for its applicability to petitioners "and those similarly situated." While appellees have alleged that they perform the same duties as those reclassified petitioners, appellees are not similarly situated since their employment commenced after the January 1982 reclassification and they have thus not been subjected to an actual dimunition of earnings and benefits. We therefore conclude that the court below erred in determining that appellees "were members of the class in the initial administrative proceeding," and since the stipulated order is without applicability to appellees they are not substantially interested persons authorized to bring a § 120.69 enforcement action. The court thus should have granted the HRS motion to dismiss the enforcement action upon appellee's lack of standing.
In granting summary judgment the court also addressed appellees' 42 U.S.C. § 1983 equal protection claim.[2] HRS sought dismissal of this claim on the basis that appellees had failed to join as an indispensable party the Department of Administration. An indispensable party is generally defined as one whose interest is such that a complete and efficient determination of the cause may not be had absent joinder. See Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1973). Appellees' 42 U.S.C. § 1983 claim is essentially directed to the reclassification plan which had the effect of terminating contact pay. Pursuant to § 110.207, Florida Statutes, the Department of Administration is statutorily charged with responsibility for the establishment, coordination, review, and maintenance of a uniform classification plan for career service positions. Insofar as appellees' challenge is directed to such classification plan, the Department of Administration's presence as a party in the action is essential for a complete and efficient determination of the claim. The Department of Administration is thus an indispensable party with regard to the 42 U.S.C. § 1983 action, and appellees' equal protection claim was therefore subject to dismissal upon their failure to join an indispensable party. See Kephart, supra.
The order appealed is reversed and the cause remanded.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] Contact pay is described as a supplemental payment for special risks which are necessarily incurred upon substantial contact with dangerous patients.
[2] In addressing appellees' 42 U.S.C. § 1983 claim the court found that the denial of contact pay "would violate ... rights to equal protection of the law." Appellees have not alleged that they are members of any suspect class, and equal protection thus merely requires that the state action be premised on distinctions founded upon a rational basis. See Antonio School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). HRS asserted below that appellees were deprived of no preexisting right since they accepted their positions subsequent to reclassification and the corresponding termination of contact pay. To the extent that other institutional security specialists may have commenced employment as correctional officers with entitlement to contact pay prior to reclassification, it would appear that HRS has alleged an arguably rational basis for distinction so as to preclude summary judgment for appellees.