Van Voorhis, J.
Mabel K. Wells, of Nassau County, New York State, has obtained the issuance of ancillary letters with the Avill annexed in the estate of Robert A. Riggle, deceased, late of the State of Illinois. Her purpose in applying for the issuance of these letters is to continue against the estate an automobile negligence action which she commenced against the decedent during his lifetime by personal service of the summons and complaint upon him in the State of New York.
*76 Biggie was the driver of the automobile in which she was a passenger when injured in the State of Wyoming. Under the Federal Constitution her action cannot be continued generally in personam against the Illinois executor of Biggie (Helme v. Buckelew, 229 N. Y. 363; McMaster v. Gould, 240 N. Y. 379). It is necessary to a continuance of the action that an ancillary administrator with the will annexed be appointed and served in New York State, which can only be done if Biggie left real or personal property in New York State (Surrogate’s Ct. Act, § 45, subd. 3) and, if judgment is obtained, it can be executed only against such property. The only property claimed to have been left by Biggie in New York State is the personal obligation of an indemnity insurance carrier to defend him as an additional insured under a liability policy which was issued in Nassau County, New York, upon this automobile to its owner, Walter Wells. It contained a clause covering Biggie, as a person who operated the Wells automobile with the consent of the owner at the time of the accident.
Under section 47 of the Surrogate’s Court Act it is provided that, for the purpose of conferring jurisdiction upon a Surrogate’s Court, “ a debt owing to a decedent by a resident of the state” is regarded as personal property situated within the county where the debtor resides. This section embodies what has long been case law in this State (Fox v. Carr, 16 Hun 434). An insurance policy is not a specialty, like a bond, promissory note or other negotiable instrument, and it is held that this liability insurance policy, even though no judgment has yet been obtained against Biggie or his estate, constituted Biggie as a creditor and the insurance carrier as a debtor within the broad meaning of this provision for this purpose (Gordon v. Shea, 300 Mass. 95, 99-100, citing Restatement, Conflict of Laws, § 467, comment a). It remains to be considered whether the insurance carrier, incorporated in Illinois but authorized to do business and be sued in New York, is to be deemed a resident of this State in Nassau County where the policy was issued and where the owner of the vehicle and the injured plaintiff reside.
The main reason on account of which the New York law regards the residence of the debtor as the place where the asset is situated, instead of having its situs where the creditor resides, is that otherwise it would be impossible to obtain judg *77 ment against the debtor who has to be sued in a jurisdiction where he can be found. Insurance companies are usually authorized to do business in many States, and if this Illinois carrier is held to have had a residence for this purpose in Nassau County, New York, notwithstanding that it has been organized under the laws of another State, it follows that most insurance companies would be construed for this purpose as having a residence in the counties of many States. That circumstance was regarded as sufficient reason to refuse the issuance of ancillary letters under similar circumstances by the courts of Colorado and Kansas (Wheat v. Fidelity & Cas. Co., 128 Col. 236, 243; Matter of Rogers, 164 Kan. 492, 500). Michigan and New Jersey have taken a somewhat similar position (Olson v. Preferred Auto Ins. Co., 259 Mich. 612; Matter of Roche, 16 N. J. 579). Some of those cases are distinguishable. Kansas, for instance, makes residence of the insured the situs of the chose in action, contrary to our law.
Illinois, Iowa, Massachusetts, New Hampshire, Oregon and Texas adopt.or loan toward the view that ancillary letters will issue under the circumstances here presented (Furst v. Brady, 375 Ill. 425; Liberty v. Kinney, 242 Iowa 656; Gordon v. Shea, 300 Mass. 95, supra; Robinson v. Carroll, 87 N. H. 114; Matter of Vilas, 166 Ore. 115; Davis v. Cayton [Tex. Civ. App.], 214 S. W. 2d 801).
Regarding life insurance, this court and the United States Supreme Court have taken the view that a policy constitutes ' ‘ personal property within the state ’ ’ where issued in this State by a foreign insurance company authorized to do business in this State (Morgan v. Mutual Benefit Ins. Co., 189 N. Y. 447; New England Mut. Life Ins. Co. v. Woodworth, 111 U. S. 138). In the Morgan case, service by publication upon nonresidents was held to have been authorized by section 438 of the Code of Civil Procedure, then in force, where the complaint demanded judgment that they be excluded from “ a vested or contingent interest in or lien upon, specific real or personal property within the state ”. The insurance policy, issued here, was held to contitute such an asset. The court said (p. 454) concerning this: “As to such a claim the insurance company should be treated as a domestic insurance company and as domiciled in this state. The situs of the debt would consequently be here *78 and the action is one to define and enforce an interest in specific personal property within the state within the meaning of the Code provision quoted. Whenever a question as to the situs of a similar claim against an insurance company doing business in a state pursuant to the statutes thereof has been directly involved in this court or in the Federal courts, and it has been sought to uphold the situs of the claim in the state where the contract was made, it has been sustained. ’ ’
In the New England Mut. Life Ins. Co. case (supra), the United States Supreme Court held that a policy issued by a company incorporated in another State, payable to the insured, her executors or administrators, is an asset for the purpose of founding administration upon her estate in another State in which the corporation has done business, at and since the time of her death, and, as required by the statutes of that State, has had an agent on whom process against it might be served. In that decision letters of administration were granted in Illinois to a surviving husband domiciled in Illinois where the only asset in Illinois was an insurance policy on the life of his deceased wife who died a resident of New York State, on the basis that the obligation of the policy had a situs in Illinois.
From language in section 47 of the Surrogate’s Court Act that a debt owing by a domestic corporation is regarded as personal property situated within the county where the principal office of the corporation is situated, appellant argues that a foreign corporation must necessarily have its residence exclusively in its State of incorporation. This would be true in the instance of most corporations, but an exception appears to have been recognized for the purpose of issuing letters on estates of deceased persons in the case of insurance companies authorized to do business in this State even though incorporated elsewhere, at least where the policies have been issued in this State.
It may well be, as intimated in Fox v. Carr (16 Hun 434, supra), that an insolvent insurance company would be held to have only one place of residence for the parpóse of dissolution and winding up of its affairs. Concerning that we express no opinion. Neither should New York State be allowed to become an asylum in which to bring actions in which our citizens are not interested, merely for the reason that our statute authorizing actions for causing the death of another may be more *79 favorable to such claims than the statutes of some other States. Here the insurance policy was issued in New York State where the injured party resides. Whatever might be held if those factors were absent, they are present in this record on appeal.
The order appealed from should be affirmed, with costs.