258 A.2d 464.

VINCENZO DE RENTIIS AND ELIZABETH A. DE RENTIIS *vs.*
ERNEST B. LEWIS AND NATIONAL UNION FIRE
INSURANCE COMPANY.

NOVEMBER 5, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J. This is a civil action to recover damages for personal injuries and property damage allegedly sustained as a consequence of the negligent operation of a motor vehicle by the minor daughter of the defendant Lewis. The accident occurred on a highway in Norwich, Connecticut, in which state the defendant Lewis resides. The plaintiffs, husband and wife, are residents of Rhode Island.

They commenced the instant action by the issuance of a summons together with a writ of attachment in which they joined defendant Lewis and National Union Fire Insurance Company which, prior to the date of the accident, had issued a policy of liability insurance to Lewis. And it was the contractual obligation of National Union Fire Insurance Company to defend and indemnify Lewis that said writ purported to attach. The summons and writ were served on the Rhode Island Insurance Commissioner, who, by G. L. 1956, §27-2-13, is made agent to receive service for insurance companies not incorporated but doing business in this state. A copy of the summons was mailed to defendant Lewis pursuant to Rule 4 (e) of the Rules of Civil Procedure of the Superior Court.

In thus attempting to make defendant Lewis amenable to the jurisdiction of the courts of this state for the prosecution of a civil action against him, plaintiffs invoked a two-pronged approach. Primarily, they asserted an action at least quasi in rem on the theory that the insurer's contractual obligation to defend and indemnify its insured Lewis is property of Lewis within this state, and secondarily, as we understand them, that the combination of the aforesaid contractual obligation and the fact that the insurer does business in this state constitutes, as to defendant Lewis, the minimum contacts on which Rhode Island courts acquire in personam jurisdiction of out of state residents as provided in G. L. 1956, §9-5-33, as amended by P. L.

1966, ch. 1, sec. 7.[1] They claimed in effect, that National Union Fire Insurance Company's contractual obligation to Lewis was sufficient minimum contact to make defendant Lewis amenable to the jurisdiction of this state. Subsequent to the filing of the complaint and summons in the Superior Court, each defendant filed a motion to dismiss under Rule 12 of the Rules of Civil Procedure of said court. Various and, in some instances, differing grounds were stated by each defendant in support of his and its motion. Generally speaking however, the principal ground relied on by both defendants is that the Superior Court lacks jurisdiction of both the person and the subject matter for the reason that defendant insurer's obligation to defend and indemnify defendant Lewis is not attachable property within the meaning of G. L. 1956, §§10-5-6, as amended by P. L. 1966, ch. 1, sec. 11 and 10-5-7, as amended, by P. L. 1960, ch. 147, sec. 3.[2]

---

[1]The relevant portion of the cited section provides:

"Every foreign corporation, every individual not a resident of this state or his executor or administrator, and every partnership or association, composed of any person or persons, not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island, and the courts of this state shall hold such foreign corporations and such nonresident individuals or their executors or administrators, and such partnerships or associations amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States."
And see: *Conn* v. *ITT Aetna Finance Co.*, 105 R. I. 397, 252 A.2d 184.

[2]These sections provide:

"At the commencement of a civil action sounding in tort against a nonresident having property within the state, a writ of attachment may be issued from the superior court or any district court wherever the plaintiff in the action, his agent or attorney, shall make affidavit, to be endorsed thereon or annexed thereto, that the defendant is a nonresident, and that the plaintiff has a just cause of action against the defendant, upon which the plaintiff expects to recover a sum sufficient to give jurisdiction to the court to which such writ is returnable."

"Whenever a writ of attachment can be issued by any court, it may command the attachment of the goods and chattels of the defendant and his real estate and his personal estate in the hands or possession of any

The Superior Court justice, before whom the motions to dismiss were argued, rendered a decision wherein he denied the motions without prejudice to defendants to raise the jurisdictional issue in their respective answers. Thereupon, defendants petitioned this court for a writ of certiorari which, in light of several important public policy questions raised in said petition, motivated us to order the writ to issue.

In the argument before us, plaintiff respondents urged this court to adopt the rule laid down in *Seider* v. *Roth,* 269 N.Y.S. 2d 99. There, plaintiffs Seider, husband and wife, were New York residents injured in a motor vehicle accident in the state of Vermont, which accident appears to have involved a three car collision. The defendant Roth was the operator of one car and one Andre J. Lemiux was the operator of a second car. Lemiux was a resident of Quebec, Canada. He had a contract of liability insurance with Hartford Accident and Indemnity Company. By the terms of this policy, Hartford promised "* * * to defend Lemiux in any automobile negligence action and, if judgment be rendered against Lemiux, to indemnify him therefor."

Hartford was licensed to do business in New York State and the Seiders commenced an action in that state against Roth and Lemiux. They asserted jurisdiction over Lemiux, a Canadian resident, by an in rem action through the attachment in New York of the "debt" they claimed existed between Hartford and Lemiux.

In a four-to-three decision, the majority held that *under New York law* (emphasis supplied) the contractual obligation between Hartford and Lemiux made the latter a

---

person, copartnership or corporation, as his trustee, except as provided in §6A-7-602, and his stock or shares in any banking association or other incorporated company, and may be varied so as to command the attachment of one (1) or more of such classes of property of the defendant."

creditor of the former and that this relationship established such a debt owing to Lemiux as could be attached in support of an action in rem.

The petitioners for certiorari here vigorously urged that this court should reject the *Seider* doctrine for several reasons. Among these are that it has not been followed in any other state; that it is of dubious persuasion even in New York, (see *Simpson* v. *Loehmann,* 21 N.Y. 2d 305), that it has been sharply criticized by numerous legal authorities; that it violates the due process guarantee of the Fourteenth Amendment to the Constitution of the United Sates and that, in any event, the specific language of the New York code, on which *Seider* rests, cannot be read into §§10-5-6, 10-5-7, (see n.2) as these latter cited sections have been construed by this court in *Lippitt* v. *American Wood Paper Co.,* 15 R. I. 141, 23 A. 111.

In the view we take of this latter contention, we do not reach nor consider the conflicting arguments advanced by the parties here in support or derogation of the majority's reasoning in *Seider* nor the criticism of that case by the learned authorities referred to us by petitioners. Neither do we reach nor consider the conflicting views advanced on the due process issue.

A reading of *Seider* v. *Roth, supra,* readily demonstrates that the majority was giving affirmance to a prior New York decision, namely *Matter of Riggle's Estate,* 11 N.Y. 2d 73, 226 N.Y.S. 2d 416, 181 N.E. 2d 436. There, the New York court had held that a contractual obligation to defend and indemnify, contained in a policy of liability insurance issued to a nonresident of New York by a carrier licensed to do business in New York, created a creditor and debtor relationship in New York between the nonresident insured and his carrier. The *Riggle's* court held that within the meaning of the New York Surrogate's Court Act, this relationship created a "debt" such as to support a New York

resident's petition for ancillary administration of the out of state insured who had died subsequent to a motor vehicle accident in which the New York resident was injured and was seeking to hold the nonresident's estate answerable in damages.

Affirming the holding of the court in *Riggle's,* the majority in *Seider* turned to the New York statute to which the plaintiffs *Seider* looked in support of an action in rem against Lemiux. They are CPLR §§5201, 6202 and, in pertinent part, provide as follows:

"§5201. Debt or property subject to enforcement; proper garnishee. (a) Debt against which a money judgment may be enforced. A money judgment may be enforced against any debt, which is past due or which is yet to become due, certainly or upon demand of the judgment debtor, whether it was incurred within or without the state, to or from a resident or nonresident, unless it is exempt from application to the satisfaction of the judgment. A debt may consist of a cause of action which could be assigned or transferred accruing within or without the state.

(b) Property against which a money judgment may be enforced. A money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, unless it is exempt from application to the satisfaction of the judgment."

"§6202. Debt or property subject to attachment; proper garnishee. Any debt or property against which a money judgment may be enforced as provided in section 5201 is subject to attachment. The proper garnishee of any such property or debt is the person designated in section 5201; for the purpose of applying the provisions to attachment, references to a 'judgment debtor' in section 5201 and in subdivision (h) of section 105 shall be construed to mean 'defendant'."

Thus, taking "debt" as specified in §5201 (a) and the application of that term as determined by *Matter of Rig-*

*gle's Estate, supra,* the majority in *Seider* held that Lemiux possessed property in New York sufficient to give the courts of that state jurisdiction in rem.

In contravention of this, respondents protest that the reasoning of the majority in *Seider* did not exclusively rest on the "debt" provision of §5201 (a). Rather, they argue, a fair reading of the majority's decision in *Seider* discloses that the court gave equal force to the general intendment of §5201 as constituting property subject to attachment under §6202.

From this premise they further argue that, on analysis, "property" subject to attachment as specified in §10-5-7 (see n.2) is more general and broad than that contained in the New York provisions of §5201. We are not so persuaded. In *Lippitt* v. *American Wood Paper Co., supra,* this court, pointing out that at common law an equitable right or interest in personal property was not attachable, and such right of attachment, if it existed at all, must be founded on legislative fiat, held, in substance, that an interest such as that of defendant Lewis in the instant case, in his policy of insurance with defendant National Union Fire Insurance Company, was not attachable property within the legislative intendment of now §10-5-7. See also *Tucker* v. *Denico,* 27 R. I. 239, 61 A. 642.

Nor do we find merit in respondent's final contention, namely, that the insurance contract between defendant Lewis, a Connecticut resident, and defendant National Union Fire Insurance Company, apparently not incorporated but authorized to do business in this state, established the "necessary minimum contacts" which by virtue of §9-5-33 (see n.1) might make Lewis amenable to the jurisdiction of the courts of this state in an action in personam. In advancing this contention, respondents call our attention to and stress the holding in *McGee* v. *International Life Insurance Co.,* 355 U.S. 220, 78 S. Ct. 199, 2 L.Ed.2d 223.

There, a resident of California contracted for life insurance with a carrier domiciled in Texas. A California statute authorized suits in that state against insurance corporations which domiciled in some other state and not licensed to do business in California, nevertheless solicited business from a resident in that state and as a consequence of such solicitation issued a policy delivered by mail in California.[3] On the death of the insured, the beneficiary, as authorized by said statute, sued the Texas insurance company in California and obtained judgment.

Unable to satisfy said judgment in California, the successful plaintiff beneficiary sued in Texas on the California judgment. The Texas court refused to give full faith and credit to the California judgment on the ground that the California statute was violative of due process.

Reversing, the United States Supreme Court held that in soliciting business from the California resident and mailing the policy to the insured at his residence in California, the Texas carrier submitted to jurisdiction as provided by the statute in such cases and that the statute in question did not violate due process, the solicitation and delivery being, in effect, sufficient minimum contracts to give the California courts jurisdiction.

Our attention has not been directed to, nor are we aware of, any jurisdictional provision enacted by the legislature of this state comparable to that of the California statute on which *McGee* v. *International Life Insurance Co., supra,* turned. Moreover, even if there were, the factual distinctions between *McGee* and the instant case are such that the existence of a comparable statute in this state would not bring Lewis within its intendment.

We conclude that for the reasons stated, the Superior

---

[3]The statute in question is cited as California Insurance Code, 1953, §§1610-1620.

Court justice should have granted petitioning defendants' motions to dismiss with prejudice.

The petition for certiorari is granted and the cause is remanded to the Superior Court for entry of final judgment in accordance with this decision.

*Thomas H. Rosenfield, Kenneth J. Macksoud, Robert D. MacLean,* for plaintiffs-appellees.

*Gunning & LaFazia, Bruce M. Selya, John F. McDonough,* for defendants-appellants.