In the Matter of the Estate of SHARON M. WYCHE, Deceased. COUNTRY-WIDE INSURANCE Co., et al., Appellants; PAUL GARRISON, Respondent.

Third Department, January 7, 1982

**APPEARANCES OF COUNSEL**

*Bond, Schoeneck & King (David R. Sheridan* of counsel), for appellants.

*Joseph V. Zumbo* for respondent.

**OPINION OF THE COURT**

YESAWICH, JR., J.

On June 16, 1975, a car owned and operated by Sharon Wyche was involved in an accident in the City of Albany. Albany Yellow Cab Co. (Yellow Cab), the owner of the other car involved, thereupon instituted an action for property damage in Albany County against Wyche by personal service of a summons and complaint. Her insurer, Country-Wide Insurance Co. (Country-Wide), undertook her defense. Miss Wyche then moved to California, where she died. In the meantime, respondent Garrison, who was a passenger in the cab, commenced a personal injury action

against both Yellow Cab and Wyche, but served Yellow Cab only. The latter then petitioned the Albany County Surrogate's Court to have the chief fiscal officer of Albany County appointed as administrator of Wyche's estate, thus enabling Yellow Cab to continue its property damage action against Wyche and to seek contribution or indemnification from her in the action brought by Garrison. The jurisdictional predicate for the issuance of the letters of administration was the insurer's contractual obligation to defend and indemnify its insurer. Country-Wide, which had not been furnished notice of the petition, unsuccessfully sought to have the letters vacated and this appeal followed.

At the time of her death, Wyche was a California domiciliary. Country-Wide is a New York corporation with its principal offices and place of business in New York County. Under SCPA 208 (subd 1), the debt, the obligation owed under the policy in favor of the nondomiciliary Wyche against the domiciliary Country-Wide, is deemed to be personal property located in New York County, where Country-Wide has its principal office. Since Wyche, a nondomiciliary, has left "property" located in New York County, only that county has exclusive jurisdiction over her estate (SCPA 206, subd 2). Section 207 of the statute, declaring which of two courts seeking to exercise concurrent jurisdiction over a nondomiciliary's estate can exercise jurisdiction, does not require a different conclusion for it presupposes the courts involved indeed have jurisdiction. Here, the Albany County Surrogate's Court never properly acquired jurisdiction in the first instance.

There is no constitutional impediment to an appropriate New York court exercising jurisdiction over this matter (cf. *Rush v Savchuk,* 444 US 320), for the nexus between Wyche and New York is substantial. Both claims against her estate arise out of a tort Wyche allegedly committed here. Moreover, in the property damage action, she was personally served in New York while a New York domiciliary. Given these circumstances, New York jurisdiction cannot be said to violate "'traditional notions of fair play and substantial justice'" (*International Shoe Co. v Washington,* 326 US 310, 316).

The order should be reversed, on the law, without costs, and the motion by petitioner to revoke letters of administration granted.

KANE, J. P., MAIN, MIKOLL and WEISS, JJ., concur.

Order reversed, on the law, without costs, and motion by petitioner to revoke letters of administration granted.