■ In the Matter of PHILIP D'AMICO. In the Matter of the Estate of CIRIACO G. MUSCILLO, Deceased. PHILIP D'AMICO, Respondent, v JANET MUSCILLO et al., Appellants.—Order, Surrogate's Court, Bronx County (Bertram R. Gelfand, S.), entered January 2, 1987, which denied respondents-objectants-appellants' motion to dismiss the petition for limited letters of administration on the ground of lack of jurisdiction and which, on the court's own motion, transferred the matter to Surrogate's Court, New York County, unanimously affirmed, without costs.

The issue in this case is whether a New York State court can acquire jurisdiction over the estate of a person who was a nondomiciliary of the State of New York at the time of his death but where the deceased practiced medicine in New York State, allegedly committed a tortious act in New York State, and at the time of said alleged act, had a policy of medical liability insurance with a company doing business in New York.

Decendent, a domiciliary of the State of Florida, died there on February 6, 1977. Until the present proceeding no fiduciary was ever appointed to administer his estate. Prior to his residence in Florida, decedent was a physician domiciled and practicing medicine in New York State.

Petitioner filed an application for the issuance of letters of administration to the Public Administrator for the sole purpose of prosecuting a medical malpractice action against decedent's estate. Petitioner alleged that, as a result of decedent's negligence, his son sustained personal injuries during his delivery on June 18, 1965.

Noting that the application came on the eve of the expiration of the Statute of Limitations, the Surrogate's Court on June 18, 1986, granted temporary limited letters of administration to the Public Administrator. On September 16, 1986 the letters of administration were extended and the parties given until September 17, 1986 to file memoranda of law in support of and in opposition to the application.

Decedent's distributees, his wife and two children, opposed the granting of limited letters of administration and sought dismissal of the petition on the ground that the Surrogate's Court lacked jurisdiction over the decedent's estate since the decedent was a domiciliary of the State of Florida at the time of his death and left no property, real or personal, in the State of New York. Petitioner noted that at the time of the alleged malpractice, decedent was covered by a medical malpractice

policy issued by an insurance company doing business in New York State. Citing *Matter of Riggle* (11 NY2d 73 [1962]), he argued that the obligation of the liability carrier to defend and indemnify under this policy constituted a property interest of decedent in the State of New York which could sustain an administration of decedent's estate in New York State.

The Surrogate's Court denied the motion for dismissal of the petition, holding that the existence of certain factors, i.e., the occurrence of a tortious act within this State, decedent's status as a domiciliary of this State at the time of the alleged malpractice, and his status at that time, as a physician licensed and practicing in New York State, created a sufficient nexus to New York to sustain the issuance of limited letters of administration. It reasoned that the existence of these factors overcame any bar to jurisdiction created by *Rush v Savchuk* (444 US 320 [1980]) since the insurer's contractual obligation to decedent was not decedent's sole contact with New York State. The Surrogate's Court did, however, find that since the insurer's office is located in New York County, proper venue rested in that county (SCPA 206 [1]; 208 [1]).

SCPA 208 (1) states that a New York State court has jurisdiction where a nondomiciliary has a debt against a domiciliary and the domiciliary has a principal office in New York State. Specifically, said section reads as follows: "For the purpose of conferring jurisdiction upon the court: 1. A debt * * * in favor of a non-domiciliary against a domiciliary, is deemed personal property in the county where the domiciliary, or either of two or more such domiciliaries resides, or if other than a natural person, such domiciliary has its principal office".

In *Seider v Roth* (17 NY2d 111 [1966]), the Court of Appeals upheld jurisdiction in a personal injury action commenced against a nonresident defendant whose insurance policy was issued by a company "doing business" in New York State. The court held that the contractual obligation to indemnify and defend the insured is a debt to the insured, subject to attachment, and that quasi in rem jurisdiction was properly provided by the attachment *(see also, Matter of Riggle, supra).*

The United States Supreme Court effectively overruled *Seider v Roth (supra)* in *Rush v Savchuk (supra,* at 322), holding that a State may not "constitutionally exercise *quasi in rem* jurisdiction over a defendant who has no forum contacts by attaching the contractual obligation of an insurer licensed to do business in the State to defend and indemnify

him in connection with the suit." The Supreme Court emphasized the due process requirement that defendant have "minimum contacts" with the forum State (see, International Shoe Co. v Washington, 326 US 310, 316 [1945]) and that the court must focus on the " 'relationship among the defendant, the forum, and the litigation' " (Rush v Savchuk, supra, at 327, quoting Shaffer v Heitner, 433 US 186, 204 [1977]). In this regard, the decision noted that other than the insurance obligation, defendant had no contacts with the forum State.

A different situation exists in the case at bar, where, unlike Rush (supra), the existence of the malpractice liability obligation by a New York insurer is not decedent's sole contact with the forum State. The relationship among the decedent, New York State and the litigation is clearly manifested by the occurrence of the allegedly tortious action within New York (CPLR 302 [a] [2]) and the fact that at the time of the alleged malpractice, decedent was domiciled, licensed and practicing medicine in this State.

In the case of Matter of Wyche (84 AD2d 223 [3d Dept 1982], affd 56 NY2d 748 [1982]), the Court of Appeals affirmed the principle that a New York Surrogate's Court has jurisdiction to issue letters of administration to administer the estate of a nondomiciliary decedent where a substantial nexus exists between the decedent and New York State. In that case the claimant sought issuance of letters of administration in order to continue an action against a decedent nondomiciliary who was insured by a New York carrier whose principal office was in New York County. Although the Third Department granted revocation of the letters by the Albany County Surrogate's Court on the ground that jurisdiction rested in New York County, the court, mindful of the Rush v Savchuk holding, stated (supra, at 224), "There is no constitutional impediment to an appropriate New York court exercising jurisdiction" since a substantial nexus exists between decedent and New York State, i.e., the tortious act occurred in New York State and decedent was personally served in New York prior to her leaving the State.

Decedent's contacts with New York State in the case at bar are such as to create a substantial nexus with this forum to sustain the issuance of letters of administration. Concur—Sandler, J. P., Carro, Asch and Smith, JJ.