*180 OPINION OF THE COURT
Lee L. Holzman, J.
The primary issue raised in this CPLR 3211 (a) (8) motion to dismiss the complaint is whether the Bronx County Surrogate’s Court lacked subject matter jurisdiction to issue temporary limited letters of administration to the Public Administrator of Bronx County in the estate of a nondomiciliary alleged tortfeasor. The Public Administrator’s authority under the letters that were issued is limited to defending against the New York plaintiffs’ (hereinafter plaintiff) claim for personal injuries arising out of the decedent’s alleged negligent operation of a motor vehicle in New York and paying any recovery thereon to the extent that such defense and payment are covered by the terms of the decedent’s insurance policy. The Supreme Court, where the underlying personal injury action is pending, transferred this motion to this court.
The plaintiff, a resident of Bronx County, was a passenger in one of the two motor vehicles involved in the accident and the deceased defendant was the owner and operator of the other vehicle. Two parties were originally named as defendants because the plaintiff did not realize that the Luis A. Rosa and the Luis A. Rosa, Jr. referred to in the accident report were one and the same person. The defendant’s vehicle was registered in Ohio but he was operating the vehicle with a New York driver’s license, listing a New York address for him. The decedent’s death certificate, which was issued in Ohio, states that he resided in Ohio on the date of his death.
The movant contends that, since the insurance carrier neither transacts business nor has an office in New York, the Bronx County Surrogate’s Court lacked subject matter jurisdiction to issue even limited letters of administration in the estate of the nondomiciliary (Ohio) defendant. The movant also contends that “since an administrator has not been properly appointed for decedent’s estate” the complaint must be dismissed because personal jurisdiction was not properly obtained over the deceased defendant by serving process upon the improperly appointed administrator. The movant concludes that the plaintiff may not reinstitute the action because it is now time-barred.
The motion is denied because, under the facts herein, SCPA 206 (1), as well as the public policy considerations enunciated in SCPA 210 and Vehicle and Traffic Law § 253, grants jurisdiction in the Surrogate’s Court to appoint a fiduciary, with *181 limited powers, for the deceased nondomiciliary who is alleged to have committed a tort within New York while covered by an insurance policy obligating the insurer to defend against and pay for any recovery, within the policy limits, obtained against the decedent in the New York negligence action. The following facts are not contested: the decedent on the date of the accident, June 7, 1996, was operating a vehicle in New York with a New York driver’s license stating that he was a resident of New York; the decedent’s insurance policy obligated the insurer to defend him in a New York action in the event that he was sued for negligently operating his motor vehicle in New York; the plaintiff in the first action commenced against the decedent on December 9, 1998 attempted to obtain jurisdiction over the defendant by serving the Secretary of State; the insurance carrier did not advise the plaintiff and the court in which the first action was pending until June 2000 that the decedent had died on July 7, 1998, prior to the commencement of that action; the Supreme Court dismissed the first complaint on the ground that an action cannot be commenced against a deceased person by service upon the Secretary of State; no fiduciary had been appointed for the decedent in any jurisdiction in the approximately 29 months that had elapsed from the date of the decedent’s death to December 5, 2000, the date that the petition for the issuance of temporary limited letters of administration was filed in this court; process in the pending action was served on the Public Administrator as the administrator of the estate of the decedent on December 6, 2000, allegedly one day before the action would have been time-barred; and the instant motion was not made returnable until approximately seven months had elapsed from the date that the movant filed its answer, alleging as an affirmative defense “That this Court [Supreme Court] lacks jurisdiction over the person or property of the answering defendants * * * in that the service of process was not made in accordance with the provisions of the law.”
The movant concedes that the alleged tortious act of the decedent in this jurisdiction made him subject to the jurisdiction of the New York courts (CPLR 302 [a] [2]) and that his insurance carrier would have been obligated to defend against the negligence action in this jurisdiction if the Secretary of State had been served with process prior to the decedent’s death, or if process had been served without the state upon a fiduciary who had been appointed for the decedent’s estate in Ohio (CPLR 313). Notwithstanding these concessions, the mov- *182 ant cites Matter of Wyche (84 AD2d 223, affd 56 NY2d 748) in support of the motion.
In Wyche, the defendant was a California domiciliary at the time of her death, and the Albany County Surrogate’s Court issued letters of administration in her estate so that an action for her alleged tortious conduct in New York could be commenced against her in this jurisdiction. The Surrogate’s Court denied the insurance carrier’s motion to revoke the letters of administration that had been issued. Even though the Appellate Division reversed, it noted that Rush v Savchuk (444 US 320) did not present a constitutional impediment to the commencement of the tort action in New York because the tort was committed in this jurisdiction and the obligation of the decedent’s insurer to defend against the action is deemed to be personal property located in New York. However, when the case was decided in 1982, SCPA 206 (2) provided that the New York property of a nondomiciliary decedent was deemed to be located in only one county in New York and the Surrogate’s Court in that county had exclusive jurisdiction over the estate of the nondomiciliary. Consequently, the Appellate Division revoked the letters issued by the Albany County Surrogate’s Court, holding that the New York County Surrogate’s Court had exclusive jurisdiction because the deceased defendant’s insurer had an office in New York County.
Wyche would be decided differently today because in 1984 the Legislature repealed not only SCPA 206 (jurisdiction for nondomiciliaries) but also SCPA 205 (jurisdiction for domiciliaries) and SCPA 207 (jurisdiction for lifetime trusts) (L 1984, ch 128) to eliminate the feature of exclusive jurisdiction in the Surrogate’s Court of only one county and enacted a new SCPA 205, 206, and 207, providing that the Surrogate’s Court in which the proceeding should be commenced is a question of venue rather than jurisdiction (Mem of Law Rev Commn Relating to Jurisdiction and Venue of the Surrogate’s Court Over the Estates of Domiciliaries, Nondomiciliaries and Lifetime Trusts, 1984 McKinney’s Session Laws of NY, at 3017-3026). Thus, if Wyche were decided today, the Court would have transferred the proceeding to the New York County Surrogate’s Court instead of revoking the letters of administration issued by the Albany County Surrogate’s Court (Matter of Muscillo, 139 AD2d 429).
SCPA 206 (1), which provides that the “surrogate’s court of any county has jurisdiction over the estate of any non-domiciliary decedent who leaves property in the state,” governs *183 this case. The term “property” is defined in SCPA 103 (44) as “[a]nything that may be the subject of ownership and is real or personal property, or is a chose in action.” A “chose in action” has been defined as broadly as “[a] right to receive or recover a debt, demand, or damages on a cause of action ex contractu or for a tort or omission of a duty” (Black’s Law Dictionary 219 [5th ed 1979]). The obligation of the insurer to defend an action brought against the decedent in New York for a tort allegedly committed by him in New York is property or a chose in action of the decedent that is deemed to be situated in New York. Consequently, this court has subject matter jurisdiction to issue letters of administration in the decedent’s estate, limited to the administrator defending against the lawsuit and paying any recovery obtained in the action for the tort committed by the nondomiciliary in New York to the extent that such defense and payment are covered by the terms of an insurance policy (Matter of Riggle, 11 NY2d 73; Matter of Muscillo, supra; Matter of Wyche, supra; Aptacy v H. J. Giorgi, Inc., 124 Misc 2d 175). Here, inasmuch as the insurer specifically contends that it must be considered a nondomiciliary of New York, the provisions of SCPA 208, which are limited to actions “against a domiciliary,” are not applicable and, in any event, this section should presently be titled “venue” rather than “jurisdiction” as a result of the 1984 amendments to SCPA 205, 206, and 207. Moreover, a “debt” or “chose in action,” unlike chattel or real property, is not actually located in any specific place; to state that it is situated in one identifiable location is a legal fiction (Matter of Riggle, supra). This is the reason why SCPA 208 (1) refers to a debt against a domiciliary corporation as “deemed personal property in the county where the domiciliary * * * has its principal office” (emphasis added).
Notwithstanding that a debt or the obligation to indemnify of a domestic corporation is deemed personal property situated within the county where the principal office of the corporation is situated, the Court of Appeals stated in Matter of Riggle (supra at 78) that “an exception appears to have been recognized for the purpose of issuing letters on estates of deceased persons in the case of insurance companies authorized to do business in this State even though incorporated elsewhere, at least where the policies have been issued in this State.” It is worthy of note that there were at least two factors present in Riggle which might be a reason to require a stronger nexus between the alleged “property” of the nondomiciliary and New York than should be required in this matter. In Riggle, since *184 the plaintiff was injured in Wyoming by the alleged negligence of an Illinois domiciliary, the court concluded that the plaintiffs New York action could not be “continued generally in personam against the Illinois executor of Higgle” (11 NY2d at 76). Here, jurisdiction over the decedent or his fiduciary in New York is warranted because the tort was committed in New York by a person operating a motor vehicle with a New York license. Moreover, here, unlike in Riggle, no fiduciary had been appointed in the decedent’s domiciliary state who could be served with process in that state or any other state. This case has nothing to do with forum shopping. The underlying action should be tried in New York, the state where the accident occurred, the only state where anyone sought to have a fiduciary appointed for the decedent and the state in which the decedent possessed a property right, i.e., the obligation of his insurer to defend and indemnify him for any recovery obtained in the negligence action.
Inasmuch as there is no due process constitutional impediment to commencing an action against a nondomiciliary decedent in New York for a tort committed in New York, the fact that the decedent owned an insurance policy that obligates the insurer to provide a defense to the New York action, standing alone, is sufficient under SCPA 206 to be deemed properly situated in New York. This confers subject matter jurisdiction in the Surrogate’s Court in New York to issue temporary letters of administration in the estate of the nondomiciliary, limited to the insurance coverage, in those matters where no fiduciary has been appointed in the decedent’s domiciliary state. Such an interpretation of SCPA 206 is supported not only by its express language but also by the public policy enunciated in Vehicle and Traffic Law § 253, which appoints the Secretary of State as the nonresident’s attorney upon whom the summons may be served. SCPA 210 (2) (a), providing that the Surrogate’s “[C]ourt may exercise personal jurisdiction over any non-domiciliary, or his fiduciary, as to any matter within the subject matter of the court arising from any act or omission of the non-domiciliary within the state,” is an additional indication of legislative intent, authorizing the issuance of limited letters of administration under the facts of this case.
It is not logical to conclude that the laws of New York facili-taté the commencement of actions in this jurisdiction against living nonresidents for their negligent operation of a motor vehicle in this jurisdiction by authorizing the Secretary of State *185 to be served with process as their agent but require injured New Yorkers to be burdened with the cost and delay of petitioning for the appointment of a fiduciary in the domiciliary state of deceased tortfeasors in those cases where no other interested party has made any such application in that jurisdiction. In any such proceeding it is unlikely that the petitioner will receive any cooperation from either the tortfeasor’s beneficiaries or insurance carrier.
The appointment of a fiduciary in this jurisdiction is in no way prejudicial to the rights of the estate of the nondomiciliary or to the insurance carrier. The estate (the decedent’s beneficiaries and other creditors) is not prejudiced because the letters are limited to defending against the negligence action to the extent that the defense and payment are covered by the terms of the insurance policy. The insurer is not prejudiced because the coverage is not increased by one penny and because the insurer would be required to provide the same coverage in an action commenced in New York even if the fiduciary had been appointed and served with process in the domiciliary state of the defendant. These are the reasons why in Aptacy v Giorgi (supra) the court held that the New York court could appoint a fiduciary to be substituted in the place of the deceased nondomiciliary alleged tortfeasor provided that the plaintiff agreed to limit his recovery to the amount of the insurance coverage. Furthermore, New York is not treating deceased nondomiciliary tortfeasors any differently than it treats New York deceased tortfeasors. Where no other interested party has sought to be appointed the fiduciary, the New York courts, both Surrogate’s and Supreme, frequently issue limited letters of administration in the estates of deceased New York tortfeasors to the Public Administrator, or to another nominee including counsel for the insurer, the real interested party, limited to the insurance coverage (Laurenti v Teatom, 210 AD2d 300; Harding v Noble Taxi Corp., 155 AD2d 265; Batan v Schmerler, 155 Misc 2d 46).
To the extent that either Matter of Riggle (supra) or Matter of Muscillo (supra) might be interpreted as requiring a greater nexus to this jurisdiction than that the tort was committed within its boundaries and that there is insurance coverage obligating the insurer to defend against the tort action commenced in New York, the following additional factors are present in this case: the decedent was operating the vehicle with a New York license which indicated that he was a New York resident; the insurer permitted the first action to be pending in a *186 New York court for approximately 18 months before notifying the plaintiff and the court that its insured had died prior to the commencement of the action; and notwithstanding that the insurer asserts that it neither has an office nor transacts business in New York, it has not denied the allegation that it has been authorized to transact business in New York since May 1, 1979.
The determination that this court had subject matter jurisdiction to issue temporary limited letters of administration to the Public Administrator renders it unnecessary to discuss at length many of the other issues which would be worthy of serious consideration before the instant motion could be granted, including the following: whether the movant waived the right to assert lack of personal jurisdiction by failing to move to dismiss on this ground within 60 days of the service of its answer (see CPLR 3211 [e]); whether there is a factual issue with regard to whether the decedent was a nondomiciliary in light of his New York driver’s license; whether the defendant’s questioning its own status as the fiduciary in a motion before the Supreme Court, instead of the insurer instituting a proceeding before this court pursuant to SCPA 712 for the revocation of the letters issued by this court, constitutes an impermissible collateral attack on the authority of the Public Administrator; and whether, even if the court should not have appointed the Public Administrator with limited powers, the proper remedy would be to have a duly appointed fiduciary substituted as the defendant rather than dismissing the complaint (see Stolz v New York Cent. R.R. Co., 7 NY2d 269; SCPA 204). Of course, if the action was suspended instead of dismissed until a new fiduciary was appointed, this would defeat the movant’s argument that the action is now time-barred. Inasmuch as this court has denied the motion that was transferred to it, the action may proceed in the Supreme Court, Bronx County, pursuant to the rules of that court.