21-2657-cv
Cassidy v. Rodriguez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-three.

**PRESENT:**

> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

ROBERT CRAIG CASSIDY,

*Plaintiff-Appellant,*

v.                                                                                    21-2657

CLARISSA M. RODRIGUEZ, Chair, New York Worker's Compensation Board, TITIAN DION, personally and as an employee of New York State Insurance Fund, J.J. DOE1, personally and as members of Penalty Review Unit (NEG) New Yorks Worker's Compensation Board, J.J. DOE2, personally and as members of Penalty Review Unit (NEG) New York Worker's Compensation Board, J.J.DOE 3, personally and as members of Penalty Review Unit (NEG) New York Worker's Compensation Board, John Doe, Worker's Compensation Board, in

1

their individual capacity,

*Defendants-Appellees*,

ERIC MADOFF, Executive Director, New York State Insurance Fund, JEFF MERSMANN, President, Pioneer Credit Recovery, Inc., a Naviant Company, NEW YORK STATE INSURANCE FUND, NEW YORK WORKER'S COMPENSATION BOARD, PIONEER CREDIT RECOVERY, INC., FREIDA FOSTER, personally and as Commissioners of the New York Worker's Compensation Board, ELLEN O. PAPROCKI, personally and as Commissioners of the New York Worker's Compensation Board, MARK HIGGINS, personally and as Commissioners of the New York Worker's Compensation Board, LOREN LOBBAN, personally and as Commissioners of the New York Worker's Compensation Board, SAMUEL G. WILLIAMS, personally and as Commissioners of the New York Worker's Compensation Board, LINDA HULL, personally and as Commissioners of the New York Worker's Compensation Board, FREDRICK M. AUSILI, personally and as Commissioners of the New York Worker's Compensation Board, STEVEN A. CRAIN, personally and as Commissioners of the New York Worker's Compensation Board, MARK R. STASKO, personally and as Commissioners of the New York Worker's Compensation Board,

*Defendants.*

---

**FOR PLAINTIFF-APPELLANT:** Robert Craig Cassidy, *pro se*, Rutland, VT.

**FOR DEFENDANTS-APPELLEES RODRIGUEZ & DION:** Dustin J. Brockner, Assistant Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *for* Letitia James, Attorney General for the State of New York, Albany, NY.

2

Appeal from a judgment of the United States District Court for the Northern District of New York (Stewart, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Robert Craig Cassidy, proceeding *pro se*, appeals the District Court's grant of summary judgment to the two named Defendant-Appellees, Clarissa M. Rodriguez, the Chair of the New York State Workers' Compensation Board (the "Board"), and Titian Dion, personally and as an employee of the New York State Insurance Fund ("NYSIF").[1]  Cassidy's claims arise out of a fine assessed against him by the Board for his failure to secure workers' compensation insurance.  Cassidy attempted to transfer to himself a workers' compensation insurance policy (the "Policy") maintained by the previous owner of his business, but the Policy was never transferred due to perceived deficiencies in Cassidy's paperwork and was eventually cancelled.  Cassidy filed this action under 42 U.S.C. § 1983, asserting procedural due process claims against both Dion and Rodriguez, and an Eighth Amendment Excessive Fines Clause claim against Rodriguez.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the [D]istrict [C]ourt's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Booker v. Graham*, 974 F.3d 101, 106 (2d Cir. 2020) (citation omitted).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P 56(a).

## I.

The first question presented is whether the District Court properly granted summary judgment on Cassidy's due process claims.

## A.

Cassidy alleges that Dion violated his procedural due process rights by failing to effectuate the transfer of the Policy and by failing to notify him of the cancellation of the Policy.  A "threshold question[] in any § 1983 claim for denial of procedural due process [is] whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes."  *Green*

---

[1] Cassidy does not on appeal challenge the District Court's dismissal of the claims against the six unnamed defendants.  We therefore affirm the District Court's dismissal of them.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).

*v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995). We agree with the District Court that Cassidy failed to raise a genuine dispute of material fact that he had a protected property interest in the Policy. It is uncontested that Cassidy was not at any point a party to the Policy. Cassidy may have *expected* to become a party to the Policy, but he had no such *right* to become one. *See Looney v. Black*, 702 F.3d 701, 706 (2d Cir. 2012) ("A unilateral expectation is not sufficient to establish a constitutionally protected property right." (internal quotation marks omitted)).

Cassidy asserts that he obtained a "financial right" to the Policy by virtue of paying some premiums under it. Cassidy Br. at 15. But this fact does not mean that Cassidy obtained a protected property interest in the Policy. Protected property interests are "created . . . by . . . existing rules or understandings that stem from an independent source such as state-law rules." *Looney*, 702 F.3d at 706 (citation omitted). Cassidy points to provisions of Article 3 of New York's Uniform Commercial Code governing negotiable instruments as his "independent source." *See* Cassidy Br. at 15–19. Under New York law, however, insurance policies are *not* negotiable instruments. *See In re Estate of Riggle*, 11 N.Y.2d 73, 76 (1962). Those provisions therefore do not create a protected property interest in the Policy.

Because Cassidy does not identify a "legitimate claim of entitlement to" the Policy, *Looney*, 702 F.3d at 706 (citation omitted), his procedural due process claim against Dion fails. We therefore need not address any of the alternate grounds identified by the District Court as supporting its grant of summary judgment to Dion.

## B.

Cassidy next alleges that Rodriguez, in her official capacity, violated his procedural due process rights by imposing a fine without pre-deprivation process or adequate post-deprivation remedies.[2] Another "threshold question[] in any § 1983 claim for denial of procedural due process [is] . . . what process was due before the plaintiff could be deprived of [a protected] interest." *Green*, 46 F.3d at 194. In determining the process due, courts balance three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Cassidy's interest in avoiding civil penalties is outweighed by the remaining factors. The risk of an erroneous deprivation is low because a fine will be imposed only if the employer lacks workers'

---

[2] We assume without deciding that the Eleventh Amendment does not bar Cassidy's claims against Rodriguez.

compensation coverage, an easily ascertainable fact. And here, any such risk "is mitigated by the availability of a prompt post-deprivation hearing." *Nnebe v. Daus*, 644 F.3d 147, 159 (2d Cir. 2011). New York law provides an avenue for an employer to seek a "redetermination" regarding the imposition of a penalty, and to challenge any adverse redetermination by an appeal to the New York State Appellate Division, Third Department. *See* N.Y. Workers' Comp. Law §§ 23, 52. Finally, the state's interest in ensuring that employers maintain workers' compensation coverage is indisputably considerable. *See id.* § 141-a(4)(a).

Because Cassidy fails to raise a genuine issue of material fact that he received all the process he was due, his procedural due process claim against Rodriguez fails.

**II.**

The next question presented is whether the District Court properly granted summary judgment to Rodriguez on Cassidy's Excessive Fines Clause claim.

We apply a two-step analysis to determine "whether a financial penalty is excessive under the Eighth Amendment." *United States v. Viloski*, 814 F.3d 104, 108 (2d Cir. 2016). "At the first stage, we determine whether the Excessive Fines Clause applies at all. If we conclude that it does, we proceed to the second step and determine whether the challenged forfeiture is unconstitutionally excessive." *Id.* at 109 (citation omitted).[3] To determine whether a fine is "grossly disproportional to the gravity of a defendant's offense," and therefore "unconstitutionally excessive," we consider:

(1) the essence of the crime of the defendant and its relation to other criminal activity, (2) whether the defendant fits into the class of persons for whom the statute was principally designed, (3) the maximum sentence and fine that could have been imposed, and (4) the nature of the harm caused by the defendant's conduct.

*United States v. George*, 779 F.3d 113, 122 (2d Cir. 2015) (citations omitted). In addition, "courts may consider . . . whether the forfeiture would deprive the defendant of his livelihood, *i.e.*, his future ability to earn a living." *Viloski*, 814 F.3d at 111 (internal quotation marks omitted).

Cassidy does not meaningfully challenge the District Court's adverse determination in his brief. In any event, we agree with the District Court's balancing of the factors. The Government's interest and the nature of the harm are both significant, and Cassidy plainly is part of the class of

---

[3] The parties do not dispute that the Excessive Fines Clause is implicated here. We assume without deciding that it is and proceed to step two.

5

people regulated by the statute.  Cassidy was fined $22,500 (none of which he has paid), which is considerably less than the maximum fine of $90,000.[4]  Cassidy has also failed to cite any evidence that the penalty would deprive him of his future livelihood.

In sum, none of the factors suggests that the $22,500 fine was "grossly disproportional" to Cassidy's offense.  His Excessive Fines Clause claim against Rodriguez therefore fails.

## CONCLUSION

Having considered all of Cassidy's remaining arguments and finding them to be without merit, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] In addition, Cassidy could have been subject to criminal prosecution or a stop-work order.  *See* New York Workers' Comp. Law §§ 52(1), 141-a(4)(a).

6