Matter of Gerst (2024 NY Slip Op 24298)

[*1]

Matter of Gerst

2024 NY Slip Op 24298

Decided on November 22, 2024

Surrogate's Court, Monroe County

Ciaccio, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 22, 2024
Surrogate's Court, Monroe County

Administration Proceeding, Estate of Lawrence S. Gerst, Deceased.

File No. 2024-1843

Patricia A. Rauh, Esq. and Christina M. Croglio, Esq., Lipsitz Green Scime Cambria, LLP, Buffalo, New York, Attorneys for LG 41 Doe, Petitioner.
Laura A. Colca, Esq., Goldberg Segalla, Buffalo, New York, Attorneys for Joan Gerst and Darrin Gerst, Respondents.
Cressida A. Dixon, Esq., Public Administrator, Monroe County, Rochester, New York.

Christopher S. Ciaccio, S.

The petitioner in this proceeding, LG 41 Doe, is a plaintiff in a personal injury action pending in New York State Supreme Court. She sued Lawrence Gerst ("Gerst") under the Child Victim Act alleging that he abused her/him when she/he was a student in the Rochester City School District and Gerst was a teacher employed by the District. Gerst died two days before he was to be deposed (thus after the action was commenced, jurisdiction obtained and issue joined).
Petitioner seeks a decree awarding letters of administration to the Public Administrator so that she/he can continue the action against the Estate of Lawrence Gerst. The authority of the Public Administrator would be limited as follows: 
"to acceptance of service of process in the civil litigation proceeding by the Petitioner commenced as LG 41 Doe v. City of Rochester New York, Rochester City School District, Rochester City School District Board of Education, Enrico Fermi School No. 17, Lawrence S. Gerst, Index Number E2020001689, New York Supreme County, County of Monroe, against the Decedent or his Estate."
Gerst's surviving spouse, Joan Gerst, moved to dismiss the petition for limited letters on the ground of lack of subject matter jurisdiction pursuant to SCPA 206(1), which reads as follows:
"The surrogate's court of any county has jurisdiction over the estate of any non-domiciliary decedent who leaves property in the state (emphasis added) . . .."
She filed an Affidavit stating that the decedent died in Florida, that at the time he died she and her late husband were residents of Virginia, that he owned no real or personal property in New York State, and that he received no pension or other benefits or income from any New York entity.
She also averred that she had brought in Virginia a proceeding to settle a "Small Estate," one less than $50,000.00 (similar to New York's Voluntary Administration statute).
SCPA 103 (44) defines "property" as "Anything that may be the subject of ownership and is real or personal property or is a chose in action."
"A 'chose in action' has been defined as broadly as '[a] right to receive or recover a debt, demand, or damages on a cause of action ex contractu or for a tort or omission of a duty'" (Sheahan v Rodriguez, 194 Misc 2d 179, 183 [Sur Ct, Bronx County 2002], quoting Black's Law Dictionary 219 [5th ed 1979]).
Case law has held in several instances that an insurance carrier's contractual agreement to defend and indemnify a tortfeasor can be considered a "chose in action" sufficient to confer subject matter jurisdiction to Surrogate's Court (see Sheahan v Rodriguez, 194 Misc 2d at 183; Matter of Riggle, 11 NY2d 73, 74; Seider v Roth, 17 NY2d 111 [1966], abrogated by Rush v Savchuk, 444 US 320 [1980]) but only if the party over whom jurisdiction is sought has, beyond the mere existence of an insurance policy, other "minimum contacts" (Matter of D'Amico, 139 AD2d 429, 431 [1st Dept 1988] quoting International Shoe Co. v Washington, 326 US 310, 316 [1945]) that speak to a nexus with the forum state (Matter of D'Amico at 431).
In overruling Seider v Roth (17 NY2d 111), the United States Supreme Court in Rush v Savchuk (444 US at 322), held that a State may not "constitutionally exercise quasi in rem jurisdiction over a defendant who has no forum contacts" and that the court must focus on the "'relationship among the defendant, the forum, and the litigation"' (Rush v. Savchuk at 327, quoting Shaffer v Heitner, 433 US 186, 204 [1977]).
To be clear, Rush v Savchuck did not negate the status of an insurer's contractual agreement to defend and indemnify as "property" (a "chose in action") that could serve as the basis for Surrogate Court's exercise of subject matter jurisdiction; it simply held that other contacts must be present as well. 
Here, decedent, although not insured by a liability insurance carrier, has, if not personal property,[FN1]
a "chose of action" located in New York.
He interposed affirmative defenses in his Answer in the Supreme Court action that resemble a "chose in action": that the damages were caused by some other party (i.e. a third-party action); that damages should be offset pursuant to Article 45 of the CPLR (collateral source rule); that liability should be apportioned among other culpable defendants according to percentage of fault pursuant to CPLR § 1601; that the plaintiff failed to mitigate damages; and that in the event one defendant settles, that General Obligations Law § 15-108 would provide for a set-off of damages awarded in any trial in an amount equaling the settlement.
Each one of the defenses listed above constitutes "[a] right to receive or recover a debt, demand, or damages on a cause of action ex contractu or for a tort or omission of a duty" (Sheahan v Rodriguez, 194 Misc 2d at 183, quoting Black's Law Dictionary 219 [5th ed 1979]). If Gerst is found liable, he can recover some of what he owes the plaintiff from other tortfeasors [*2]under any one of the theories advanced in his Answer [FN2]
.
Moreover, decedent had other contacts with Monroe County. He worked here. He lived here. Supreme Court in the underlying action obtained personal jurisdiction over him. He is alleged to have committed a tortious act here (see Matter of Wyche, 84 AD2d 223, 224 [3d Dept 1982], affd 56 NY2d 748 [1982]). The entity against which he hopes to recover a portion of any damage award, the Rochester City School District, is located here.
Given these circumstances, New York jurisdiction over the estate proceeding cannot be said to violate "'traditional notions of fair play and substantial justice'" (International Shoe Co. v Washington, 326 U.S. 310, 316]; Matter of Estate of Wyche, 84 AD2d at 224-25).
Principles of equity and finality of justice weigh on the side of finding a jurisdictional predicate for the petition for limited letters of administration.
The motion to dismiss is denied.
Limited letters of administration shall be issued to Cressida A. Dixon, Esq., Monroe County Public Administrator.
Counsel for the petitioner shall submit an Order.
Dated: November 22, 2024
Rochester, New York
Hon. Christopher S. Ciaccio
Surrogate's Court Judge

Footnotes

Footnote 1:The decedent's spouse avers that the decedent did not have any New York pension benefits. Was he only a short-term employee? The facts in the Amended Complaint do not say. If he did have the generous health and pension benefits offered to tenured teachers, which would have kicked in after his death, then they would constitute property sufficient to find jurisdiction.

Footnote 2:Also, it is only a guess, as there has been no exposition of the facts, but since the defendant has appeared by Goldberg Segalla, a law firm with an extensive and distinguished history of representing the Rochester City School District, it is likely that the City is providing him with a defense under a term of his contract of employment (or perhaps in a collective bargaining agreement).